485 P.2d 1171

Jose A. BENITEZ, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Prescott Downs Funk Greyhound Racing Circuit, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. I CA–IC 581.

Court of Appeals of Arizona,
Division 1,
Department A.

June 24, 1971.

Jose A. Benitez, petitioner in pro. per.

William C. Wahl, Jr., Chief Counsel, Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, by Dee-Dee Samet, Phoenix, for respondent carrier.

DONOFRIO, Judge.

This case is before the Court by writ of certiorari to review the lawfulness of an award and findings of The Industrial Commission of Arizona which found that petitioner has no permanent disability causally related to his industrial injury.

Petitioner, a jockey in his late forties, had an accident arising out of and in the course of his employment when he fell from a horse he was riding in a race at Prescott Downs. The horse, at the time, stepped on petitioner's back. Suffice to say, he suffered several injuries from this accident and was treated for these injuries.

The file shows compensation payments and a rather long medical history from the date of the accident, July 23, 1966, to the date of the present award, October 8, 1970. We shall not burden this opinion with any detailed recitation of the facts. However, because petitioner is now representing himself, and because he is claiming error in the award based upon alleged misunderstandings of the referee, and because he attributes some of this misunderstanding to his previous counsel and doctors in the case, we have not spared going into every aspect of the record before us.

At the outset we should say the record would indicate petitioner was always ably represented by counsel and that in our opinion his case was never misjudged nor discrimination shown because of his age as he urges the medical testimony indicates.

First to be considered is the Fund's objection to documents filed by the petitioner on May 19, 1971, the date of oral argument. We hold the objection is well taken and should be sustained. A reading of the instruments involved readily shows that some of the allegations and statement of facts therein were not supported by evidence made of record in this case and were therefore outside the record.

It is to be noted, however, that much of the material stated by petitioner in these documents is a repetition of the points raised by him, argued in his brief, and presented by him at oral argument, and in the respect that the documents are in aid of his arguments we have thus considered them.

The issue for our consideration is whether the Commission's decision of October 8, 1970, is reasonably supported by the evidence.

Briefly, petitioner's position is that he is still disabled and suffering from many ailments and pains caused by the accident, and that he is not able to again engage in his job as a jockey. The record reveals that the main evidence which is submitted as to his condition, and which evidence

forms a basis of the decision, was a medical consultation of December 15, 1967, subscribed by Doctors Aidem, Palmer, Ettelson and Gans which contains this comment:

> "The consultants today are unable to explain the patient's continuing symptomatology on the basis of his completely normal physical examination. In particular, they do not understand his inability to return to work on the basis of the injury of 7-23-66, and relate this to his normal age process or too prolonged an absence from his regular work."

Then at the hearing on April 3, 1970, Dr. Palmer, who was one of the consultants, testified that petitioner had no impairment of function related to the industrial accident and that it was his opinion that petitioner had recovered from the effects of the injury and that whatever symptoms he might presently have are due to normal aging processes. Truly this evidence is in conflict with petitioner's contention and with his treating physician's testimony that although the pain petitioner suffers from could result from osteoarthritis without any accident, it was the treating physician's opinion that petitioner's pain resulted from an aggravation of the degenerative arthritis, an aggravation caused by the accident.

Although there is this conflict, the medical evidence supports the Commission's conclusion that petitioner suffers no permanent disability related to the industrial accident.

We have repeatedly held that where there is a conflict in the medical testimony, we do not substitute our opinion for that of the Commission where the Commission has reasonably resolved that conflict. Russell v. Industrial Commission, 98 Ariz. 138, 402 P.2d 561 (1965); Wones v. Industrial Commission, 7 Ariz.App. 236, 437 P.2d 988 (1968).

The award is reasonably supported by the evidence.

Affirmed.

STEVENS, P. J., and CASE, J., concur.