165 P.3d 687

**STATE of Arizona, Appellee,**

v.

**Leon Francis CARTER, Appellant.**

**No. 1 CA–CR 05–1228.**

Court of Appeals of Arizona,
Division 1, Department D.

Aug. 23, 2007.

Terry Goddard, Attorney General, by Randall M. Howe, Chief Counsel, Criminal Appeals Section, and Jessica L. Quickle, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Hass, Maricopa County Public Defender, by Edith M. Lucero, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

JOHNSEN, Presiding Judge.

¶ 1 Leon Francis Carter appeals from the sentence imposed after he was convicted of Possession of Dangerous Drugs. He argues the court erred (1) by imposing a prison term when he should have received probation under Proposition 200 and (2) by accepting his counsel's stipulation to a prior conviction for sentencing purposes without complying with the requirements of Arizona Rule of Criminal Procedure 17.

¶ 2 We conclude that by accepting a plea agreement, Carter waived any right he might have had under Proposition 200 to avoid a prison sentence. On the second issue, we hold that Carter's Rule 17 rights were violated when the superior court accepted his counsel's stipulation to the prior conviction rather than engage in the colloquy with Carter himself that the rule requires. Guided by *State v. Morales,* 215 Ariz. 59, 157 P.3d 479 (2007), we conclude that Carter's sentence may not be vacated, however, unless he can demonstrate he was prejudiced by the absence of such colloquy. Because we cannot determine the existence of prejudice based on the record before us, we remand to permit the superior court to make that determination.

## FACTUAL AND PROCEDURAL HISTORY

¶ 3 After a vial containing methamphetamine was found in Carter's possession, he was charged with Possession or Use of Dangerous Drugs, a class 4 felony. The State also alleged seven historical felony convictions, including two prior drug convictions. Carter rejected a plea offer by the State to cap his recommended sentence at the presumptive term of four and a half years in exchange for a plea of guilty to a class 4 felony with one prior conviction, and the case proceeded to trial. A jury convicted him of Possession of Dangerous Drugs. In lieu of a court trial on the alleged prior convictions, Carter's counsel stipulated on his behalf to a single non-drug prior conviction in exchange for a slightly aggravated term of five years' imprisonment. Pursuant to the plea agreement, the court sentenced Carter to five years in prison.

¶ 4 On appeal, Carter does not challenge his conviction and argues only that his sentence was improper. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1) (2003), 13–4031, and –4033(A)(1) (2001).

## DISCUSSION

¶ 5 On appeal, and for the first time, Carter argues the superior court made two errors in imposing his sentence. First, Carter asserts that the court erroneously sentenced

him to a prison term because under A.R.S. § 13–901.01 (Supp.2005), probation was mandatory. Second, Carter argues that the superior court erroneously accepted his counsel's stipulation to a prior conviction for purposes of sentencing without following the procedures required by Arizona Rule of Criminal Procedure 17.6. The State argues that Carter failed to object in the trial court on either ground, and under *State v. Henderson*, 210 Ariz. 561, 115 P.3d 601 (2005), he cannot show he was prejudiced by fundamental error. We address each of Carter's arguments in turn.

## A. Proposition 200.

■ ¶ 6 Arizona voters in 1996 approved the initiative commonly known as Proposition 200, which included A.R.S. § 13–901.01, a provision that requires a court to "suspend sentencing for … defendants [convicted of certain nonviolent, first- and second-time drug offenses], place them on probation, and order them to participate in an appropriate drug treatment or education program as a condition of probation." *State v. Rodriguez*, 200 Ariz. 105, 106, ¶ 2, 23 P.3d 100, 101 (App.2001).[1]

¶ 7 Mandatory probation is not available under Proposition 200, however, if "the court finds … [defendant h]ad been convicted three times of personal possession of a controlled substance or drug paraphernalia." A.R.S. § 13–901.01(H)(1). Under those circumstances, a defendant is instead subject to sentencing pursuant to chapter 34 of Title 13. A.R.S. § 13–901.01(H).

¶ 8 As noted, among the prior convictions the State alleged against Carter were two drug convictions, one for possession of a controlled substance and one for possession of a narcotic substance. In the ordinary course, therefore, if he was found guilty as charged and if the court in addition found he had been convicted of the two other drug offenses, he would not be eligible for mandatory probation. *See id.*

¶ 9 Carter argues on appeal that the superior court erred by imposing a prison sentence without first finding that he had been convicted of the two prior drug offenses. In support, he cites *State v. Rodriguez, supra* ¶ 6, in which this court vacated a prison sentence imposed in apparent violation of section 13–901.01 on a defendant convicted of a single drug offense.

¶ 10 *Rodriguez* does not apply to the facts this case presents, however. Unlike this case, the defendant in *Rodriguez* did not enter a plea agreement to receive a prison term. 200 Ariz. at 105, ¶ 1, 23 P.3d at 100. Although, as Carter notes, defense counsel in that case asked for a mitigated term, rather than demanding probation pursuant to Proposition 200, neither the defendant nor his counsel stipulated to imprisonment, *id.* at 106, ¶ 5, 23 P.3d at 101, as occurred here. Moreover, on appeal in that case, the State conceded the prosecutor had mistakenly told the court at sentencing that the defendant was ineligible for probation under section 13–901.01. *Id.* at ¶¶ 4–5, 23 P.3d 100.[2] More generally, by contrast to *Rodriguez*, there is no reason to believe in this case that section 13–901.01 was overlooked in the superior court—either by the prosecutor or by the defense. Instead, the State alleged the prior drug convictions from the outset of the case, and Proposition 200 was discussed during a pretrial settlement conference.

¶ 11 More to the point, we reject Carter's argument that under A.R.S. § 13–901.01, a defendant convicted of a drug offense may not be sentenced to prison pursuant to a plea agreement without proof of two prior drug convictions.[3] In entering into his post-trial plea agreement, Carter agreed to a prison term of five years. Having agreed to a

---

1. "[T]he purpose [of the initiative] was to change Arizona's drug control policy by treating drug abuse as a medical problem best handled by treatment and education, not by incarceration." *Foster v. Irwin*, 196 Ariz. 230, 231, ¶ 3, 995 P.2d 272, 273 (2000).

2. *Cf. Raney v. Lindberg*, 206 Ariz. 193, 198 n. 5, ¶ 166, 76 P.3d 867, 872 n. 5 (App.2003) (leaving undecided "the procedures that should be followed by a trial court when making findings regarding prior convictions" pursuant to A.R.S. 13–901.01).

3. We address the voluntariness of that waiver by Carter in part B of this opinion.

prison term of that length in exchange for avoiding the risk of a longer term that might have been imposed if the State had proved his other alleged prior convictions, Carter may not now complain that the sentence he received violated A.R.S. § 13–901.01. *See State v. Hamilton,* 142 Ariz. 91, 94, 688 P.2d 983, 986 (1984) ("It is well established that entry of a valid guilty plea forecloses a defendant from raising nonjurisdictional defects.") (footnote omitted).[4]

## B. Arizona Rule of Criminal Procedure 17.

¶ 12 Carter also argues his sentence should be vacated because the superior court violated his rights under Rule 17 by accepting his counsel's stipulation in lieu of a personal colloquy with Carter himself.

¶ 13 The purpose of Rule 17 is to ensure that an admission by a defendant of a prior conviction "is voluntary and intelligent." *Morales,* 215 Ariz. at 60, ¶ 1, 157 P.3d at 480; *see* Rule 17.1(b) ("A plea of guilty or no contest may be accepted only if voluntarily and intelligently made."). Rule 17.1(a)(1) requires that a guilty plea "shall be accepted only when made by the defendant personally in open court[.]" Before a court may accept a plea, it "shall address the defendant personally in open court" to ensure that the defendant understands the nature of the charge, the nature and range of possible sentences on the charge, the constitutional rights foregone by entering into the plea agreement, that he or she has the right to plead not guilty and that pleading to an offense waives the right to direct appeal of that conviction. Ariz. R.Crim. P. 17.2. Further, the court must "address the defendant personally and determine that he or she understands and agrees to [the] terms" of the plea agreement and "that the plea is entered in conformance" with the rule. Ariz. R.Crim. P. 17.4(c).

¶ 14 Rule 17.6 expressly makes Rule 17 applicable to a defendant's admission of a prior conviction. Ariz. R.Crim. P. 17.6 ("Whenever a prior conviction is charged, an admission thereto by the defendant shall be accepted only under the procedures of this rule, unless admitted by the defendant while testifying on the stand.").

¶ 15 Our supreme court recently held that a superior court may not accept defense counsel's stipulation to a prior conviction without following the procedures in Rule 17. *Morales,* 215 Ariz. at 61, ¶¶ 7, 9, 157 P.3d at 481 ("Rule 17.6 applies equally to an admission by a defendant and a stipulation by defense counsel to the existence of a prior conviction.").[5] Thus, before the superior court may accept defense counsel's stipulation to a prior conviction on behalf of his client, it must engage the defendant in a Rule 17 plea-type colloquy to ensure that the stipulation is voluntary and intelligent. *Id.; cf. Boykin v. Alabama,* 395 U.S. 238, 242–43 & n. 5, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

¶ 16 That did not happen in this case. During the sentencing hearing, Carter's counsel informed the court that Carter had reached an agreement with the State to stipulate to a prior theft conviction in exchange for a sentence of five years' imprisonment. The court asked Carter if he had been convicted of the prior crime and whether he had been represented by counsel. After Carter answered both questions in the affirmative, the court found the stipulation was reasonable and sentenced Carter to a five-year term, which is a slightly aggravated term for a class 4 felony with one prior conviction. *See* A.R.S. § 13–604(A) (Supp.2004).

¶ 17 The limited inquiry the superior court conducted in accepting counsel's stipulation did not meet the requirements of Rule 17. Among other things, the court did not ask Carter whether he understood the nature of the stipulation, the constitutional rights he was foregoing and his right to require the State to prove the prior conviction. *See* Ariz. R.Crim. P. 17.2; *State v. Medrano–Barraza,*

---

4. On appeal, Carter does not deny the two prior drug convictions. Both occurred in California, however, and his opening brief observes that, perhaps for that reason, the State "was having a very tough time" proving those convictions.

5. The parties' briefs in this case were filed before the decision in *Morales* issued.

190 Ariz. 472, 474, 949 P.2d 561, 563 (App. 1997).

■ ¶ 18 Although the court's acceptance of his counsel's stipulation plainly violated Carter's Rule 17 rights, *Morales* teaches that such a violation does not automatically mean Carter must be resentenced. 215 Ariz. at 62, ¶ 11, 157 P.3d at 482. As here, the defendant in *Morales* did not object in the superior court to the court's acceptance of his counsel's stipulation. *Id.* at 60, ¶¶ 3–4, 157 P.3d at 480.[6] The *Morales* court held that in the absence of such objection, a defendant who complains on appeal of a Rule 17 violation must show both that the superior court's error was fundamental and that he was prejudiced thereby. *Id.* at 61, ¶ 10, 157 P.3d at 481 (citing *State v. Henderson*, 210 Ariz. at 567, ¶¶ 19–20, 115 P.3d at 607).

¶ 19 *Morales* held that a breach of a defendant's Rule 17 rights in connection with a stipulation to a prior conviction is fundamental error "because a defendant's waiver of constitutional rights must be voluntary and intelligent." *Id.* As in *Morales*, the violation of Carter's Rule 17 rights in this case was fundamental error.

■ ¶ 20 In order to show prejudice, a defendant in Carter's position generally must establish that had the required colloquy been given, he would not have stipulated to the prior conviction. *Id.* at 62, ¶ 11, 157 P.3d at 482. *Morales* does not specify whether proof of prejudice must be present in the record on appeal, or whether the matter may be remanded to the superior court for an evidentiary hearing to permit the defendant to demonstrate prejudice. The issue was not presented in *Morales* because the record in that case contained documented evidence of the prior convictions to which the defendant's counsel stipulated. *Id.* at ¶ 13. Under those circumstances, the court noted that whether the defendant "could establish that he would not have admitted his prior convictions if he had been given a Rule 17.6 colloquy" was irrelevant. *Id.* Because "evidence conclusively proving his prior convictions [was] already

in the record . . . ., there would be no point in remanding for a hearing merely to again admit the conviction records." *Id.*

¶ 21 The general rule we have applied heretofore is that a defendant who demonstrates a Rule 17 violation on appeal is permitted a hearing on remand to show the prejudice that would require resentencing. In *Medrano–Barraza*, for example, after finding a Rule 17 violation, we remanded to the superior court "for an evidentiary hearing on defendant's awareness or ignorance of the matters on which the court failed to inform him." 190 Ariz. at 474, 949 P.2d at 563. In so doing, we directed the court on remand to "determine whether the extended record shows defendant had knowledge" of the matters omitted from his Rule 17 colloquy and then, if defendant was shown to have been ignorant of those matters, to "determine whether such lack of knowledge was relevant and material" to the defendant's admission. *Id.* at 475, 949 P.2d at 564 (quoting *State v. Crowder*, 155 Ariz. 477, 482, 747 P.2d 1176, 1181 (1987)); *see State v. Anderson*, 199 Ariz. 187, 194, ¶¶ 36–37, 16 P.3d 214, 221 (App.2000) (where State and defendant agreed that defendant's admission to a prior conviction did not comply with Rule 17, sentence remanded for a "hearing to determine whether defendant knew from any source the rights he was giving up and the consequences of his admissions"); *State v. Stuart*, 168 Ariz. 83, 87–88, 811 P.2d 335, 339–40 (App.1990) (where admission was taken in apparent violation of Rule 17, remand required for hearing to determine whether defendant knew of the consequences of his admission); *State v. Allen*, 125 Ariz. 158, 159, 608 P.2d 95, 96 (App.1980) (affirming conviction but setting aside sentence and remanding for an evidentiary hearing as to whether the defendant was "aware of the effect of [his] admission"); *State v. Bushnell*, 121 Ariz. 350, 353–54, 590 P.2d 466, 469–70 (App. 1978) (affirming conviction but remanding for evidentiary hearing to determine if defendant was "aware of the possible effect upon his sentence of his admission of the prior convictions"); *State v. Nieto*, 118 Ariz. 603, 609, 578

---

6. Indeed, under normal circumstances it would be incongruous for a defendant represented by counsel to object to his counsel's stipulating to a plea agreement on his behalf.

P.2d 1032, 1038 (App.1978) (even when defendant "made no claim that the allegation of a prior conviction was untrue [or] that he was unaware of the potentially greater punishment that could result from an admission of a prior conviction," matter was remanded for evidentiary hearing as to whether the defendant was "aware of the possible effect upon sentencing which his admission of the prior conviction would have").

¶ 22 Indeed, remand has not been ordered in Rule 17 cases only where, as in *Morales,* the record on appeal was sufficient to *disprove* prejudice. *E.g., State v. Alvarado,* 121 Ariz. 485, 490, 591 P.2d 973, 978 (1979) (no prejudice found from alleged Rule 17 violation when record contained colloquy between court and defendant that "demonstrate[d] that the defendant was aware of his constitutional rights").

¶ 23 The practice of remanding to permit a defendant to demonstrate prejudice from a Rule 17 violation likely developed in large part because unlike cases involving alleged trial error, evidence of the necessary prejudice, i.e., that the defendant would not have stipulated to the prior conviction had the proper colloquy taken place, by nature is not usually to be found in the record on appeal. At no time during pretrial proceedings or trial in the typical case is evidence likely to be taken of the defendant's knowledge of the rights Rule 17 requires the court to explain to him. This is particularly so because by definition, where Rule 17 applies, there is no trial, or, as here, there may be a trial on the merits but a post-trial sentencing hearing is avoided.

¶ 24 On appeal, we neither expect nor, in the ordinary case, permit a defendant to offer factual evidence outside the superior court record. We routinely decide matters based on the record in the trial court, and do not invite or consider evidence offered for the first time on appeal. *See State v. Schackart,* 190 Ariz. 238, 247, 947 P.2d 315, 324 (1997) (citing *Schaefer v. Murphey,* 131 Ariz. 295, 299, 640 P.2d 857, 861 (1982)); *GM Dev. Corp. v. Cmty. Am. Mortgage Corp.,* 165 Ariz. 1, 4, 795 P.2d 827, 830 (App.1990); *Benitez v. Indus. Comm'n of Ariz.,* 15 Ariz. App. 54, 55, 485 P.2d 1171, 1172 (1971) (re-fusing to consider new allegations and factual statements in items filed the day of oral argument). Thus, it would be inappropriate, for example, for a defendant arguing a Rule 17 violation to attach to his appellate brief an affidavit not found in the trial court record that sets forth his understanding of the rights that should have been the subject of a proper Rule 17 colloquy, or stating whether he would have agreed to the plea agreement, had he known of those facts.

¶ 25 We acknowledge that the *Morales* court's citation to *United States v. Dominguez Benitez,* 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004), may suggest that a Rule 17 prejudice showing must be made based on the record on appeal. *Morales,* 215 Ariz. at 62, ¶ 11, 157 P.3d at 482. In *Dominguez Benitez,* the United States Supreme Court addressed the burden imposed on a defendant who complains that the trial court failed to engage in the colloquy required by Federal Rule of Criminal Procedure 11 when accepting a plea agreement. *See* 542 U.S. at 81–82, 124 S.Ct. 2333. The Court in that context directed that a defendant "must thus satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is 'sufficient to undermine confidence in the outcome' of the proceeding." *Id.* at 83, 124 S.Ct. 2333 (quoting *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). But our supreme court cited to *Dominguez Benitez* as support for its conclusion that a defendant who alleges a Rule 17 violation must show that he "would not have admitted the fact of the prior conviction had the colloquy been given." *Morales,* 215 Ariz. at 62, ¶ 11, 157 P.3d at 482. The supreme court made no reference, specifically or generally, to the *Dominguez Benitez* court's statement that prejudice must be demonstrated from the record on appeal.

¶ 26 We note also that Carter fails to argue that he was not convicted of the prior felony to which he pled or that the State could not prove the felony if put to the task. The law, however, does not require a defendant arguing a Rule 17 violation in connection with a prior conviction to show the ab-

sence of the prior conviction. As the court said in *Morales,*

> Such a requirement would undermine the prophylactic purpose of Rule 17.6 by implying that a failure to give the colloquy would be without consequence, and the state would be relieved of its burden of proving the prior conviction, in all but the rare case in which the defendant could show no prior conviction exists.

215 Ariz. at 62, ¶ 12, 157 P.3d at 482; *see Nieto,* 118 Ariz. at 609, 578 P.2d at 1038 (ordering hearing on remand even though defendant did not contend the allegation of a prior conviction was untrue).

¶ 27 The superior court's failure to engage in a Rule 17 colloquy with Carter in connection with the stipulated prior conviction was fundamental error, for which relief is appropriate if there is a showing of prejudice. We therefore remand to the superior court for a hearing in which Carter may demonstrate that he was prejudiced by the court's error. If prejudice is shown, Carter's sentence must be vacated and he must be resentenced.

### CONCLUSION

¶ 28 For the reasons stated above, we remand for further proceedings consistent with this decision.

CONCURRING: PHILIP HALL and DANIEL A. BARKER, Judges.