204 P.3d 432

**STATE of Arizona, Appellee,**

v.

**Ned OSBORN, Jr., Appellant.**

**No. 1 CA–CR 07–0927.**

Court of Appeals of Arizona, Division 1, Department A.

Feb. 24, 2009.

Terry Goddard, Arizona Attorney General by Kent E. Cattani, Chief Counsel, Criminal Appeals/Capital Litigation Section and William Scott Simon, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender by Peg Green, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

BARKER, Judge.

¶ 1 Ned Osborn, Jr. ("Osborn") appeals his sentence on one count of possession or use of dangerous drugs. Osborn argues that the trial court committed fundamental error by finding that he had an historical prior felony conviction for purposes of sentencing. For the reasons that follow, we determine that there was fundamental error and remand for the trial court to determine whether there was prejudice and whether re-sentencing is required.

### Facts and Procedural History

¶ 2 On April 3, 2007, the State charged Osborn with two counts of aggravated assault, one count of misconduct involving weapons, and one count of possession or use of dangerous drugs. The State subsequently amended the indictment, alleging that Osborn had an historical prior felony conviction. A jury ultimately acquitted Osborn on the two aggravated assault charges, was unable to return a verdict on the misconduct with weapons charge, and convicted him of the possession or use of dangerous drugs charge. As part of the trial, Osborn stipulated to a prior felony conviction for purposes of establishing an element of the misconduct involving weapons charge, a count on which the jury subsequently hung. Prior to that stipulation the trial court engaged in a colloquy with Osborn to make sure he understood that the stipulation to the prior felony conviction would have ramifications as to sentencing. The colloquy, however, contained no discussion of the enhancement ramifications for sentencing on the possession count of which Osborn was convicted.

¶ 3 Relying upon the parties' stipulation that was admitted into evidence for purposes of establishing Osborn as a prohibited possessor, the trial court found that Osborn had one historical prior felony conviction and sentenced him to the presumptive term of 4.5

years in prison. The presumptive term of imprisonment for a class 4 felony, if there had been no prior felony conviction, is 2.5 years. Ariz.Rev.Stat. ("A.R.S.") § 13-701(C)(3) (2001). Osborn timely filed a notice of appeal on November 2, 2007. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12–120.21(A)(1) (2003), 13–4031 (2001), and 13–4033(A) (2001).

### Discussion

¶ 4 Because Osborn concedes that his counsel failed to object to the sentencing procedures in the trial court, we review the record for fundamental error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005). Osborn bears the burden of proof. *Id.* at ¶ 19, 568, ¶¶ 23–24, 26, 115 P.3d at 607, 608.

¶ 5 Osborn argues that the trial court committed fundamental error by sentencing him with an historical prior felony conviction because the prior conviction was not proven in the manner that the law requires. Osborn contends that the parties' stipulation was insufficient to establish the prior conviction because the jury did not find that a prior conviction had been established "beyond a reasonable doubt" and because Osborn did not admit the prior conviction pursuant to Arizona Rule of Criminal Procedure ("Rule") 17.6. The State asserts, among other arguments, that because the stipulation itself was properly admitted into evidence, it is of no consequence that the jury did not find Osborn guilty on the misconduct with weapons charge.

¶ 6 We start by noting that the trial court engaged in a colloquy with the intent of (a) allowing admission of the stipulation for purposes of establishing an element of the misconduct charge and (b) permitting sentencing on any charges for which Osborn was convicted with one prior felony conviction. The approach was proper[1] but the trial

---

1. We express no opinion as to whether a colloquy, and not just a stipulation, was required for purposes of establishing the prohibited possessor element of the misconduct charge. That issue is not before us. *See State v. Allen*, 543 Ariz. Adv. Rep. 13, ¶¶ 17–18, 220 Ariz. 430, 433–34, ¶¶ 17–

18, 207 P.3d 683, 686–87 (App.2008) (holding that stipulating to a defendant's "status as a prohibited possessor" is "not the functional equivalent of a guilty plea" and does not require a colloquy) (Petition for Review pending).

court's colloquy did not comply with Rule 17.2 for purposes of sentencing under the possession or use of dangerous drugs offense of which Osborn was convicted. Rule 17.2(b) requires that the court advise a defendant of "[t]he nature and range of possible sentence for *the offense to which the plea is offered.*" (Emphasis added.) [2] The possession charge was a class four felony offense. Osborn was never advised as to how the sentencing range would change for a class four felony based upon an admission of a prior felony conviction. He was only advised as to the sentencing range changes for a class three felony. Thus, the colloquy did not meet the requirements of Rule 17.2 as to the possession of dangerous drugs charge of which Osborn was convicted.

■ ¶ 7 That the stipulation itself was admitted into evidence has no impact on the applicability of Rule 17.2. Rule 17.6 provides "[w]henever a prior conviction is charged, an admission thereto by the defendant shall be accepted only under the procedures of this rule, unless admitted by the defendant while testifying on the stand." The mere admission of a stipulation in evidence does not cure any deficiencies in that stipulation or the colloquy that preceded it. Rule 17.6 requires that the admission be "accept[ed] *only* under the procedures of this rule," which invokes the requirements of Rule 17.2, unless the defendant testifies at trial. (Emphasis added.)

¶ 8 The State asserts that the admission of the stipulation in evidence was the equivalent of the conviction being "admitted by the defendant while testifying on the stand." *Id.* We disagree. If the supreme court had wanted to provide that the admission in evidence of a stipulation to prior felony convictions was sufficient, rather than the defendant "testifying on the stand," it could have said so. The language is clear and specific. We follow it. *State ex rel. Romley v. Superior Court (Stewart),* 168 Ariz. 167, 169, 812 P.2d 985, 987 (1991) (As to the Arizona Rules of Criminal Procedure, "[w]hen the rule's language is not subject to different interpretations, we need look no further than that language to determine the drafters' intent. We will give the rule's language its usual, ordinary meaning unless doing so creates an absurd result." (citations omitted)).

¶ 9 In addition to the language of the rule itself, there is also at least one significant difference between live testimony on the stand and a stipulation in the context of prior felony convictions that supports our conclusion. Generally, witnesses who testify on the stand have the opportunity to explain and to be examined and cross-examined. This is an essential purpose of live testimony. *Delaware v. Fensterer,* 474 U.S. 15, 22, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985) (holding that the purpose of cross-examination is "a full and fair opportunity to probe and expose ...

2. Rule 17.2 provides in full that

[b]efore accepting a plea of guilty or no contest, the court shall address the defendant personally in open court, informing him or her of and determining that he or she understands the following:

a. The nature of the charge to which the plea is offered;

b. The nature and range of possible sentence for the offense to which the plea is offered, including any special conditions regarding sentence, parole, or commutation imposed by statute;

c. The constitutional rights which the defendant foregoes by pleading guilty or no contest, including his or her right to counsel if he or she is not represented by counsel;

d. The right to plead not guilty;

e. That by pleading guilty or no contest in a noncapital case the defendant will waive the right to have the appellate courts review the proceedings by way of direct appeal, and may seek review only by filing a petition for post-conviction relief pursuant to Rule 32 and, if denied, a petition for review; and

f. That if he or she is not a citizen of the United States, the plea may have immigration consequences. Specifically, the court shall state, "If you are not a citizen of the United States, pleading guilty or no contest to a crime may affect your immigration status. Admitting guilt may result in deportation even if the charge is later dismissed. Your plea or admission of guilt could result in your deportation or removal, could prevent you from ever being able to get legal status in the United States, or could prevent you from becoming a United States citizen." The court shall also give the advisement in this section prior to any admission of facts sufficient to warrant [a] finding of guilt, or prior to any submission on the record. The defendant shall not be required to disclose his or her legal status in the United States to the court.

Ariz. R.Crim. P. 17.2.

infirmities"); *Davis v. Alaska,* 415 U.S. 308, 315–16, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) (" 'The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination.' " (quoting 5 J. Wigmore, *Evidence* § 1395, at 123 (3d ed.1940))). As to prior felony convictions, however, the rule in Arizona is that "mitigating explanations regarding ... prior felony convictions" or indeed any "brief explanations of prior felony convictions" are not permitted. *State v. Britson,* 130 Ariz. 380, 383, 636 P.2d 628, 631 (1981); *State v. Pavao,* 23 Ariz.App. 65, 67, 530 P.2d 911, 913 (App. 1975). Notwithstanding this limitation on any examination or cross-examination, the testimony from the witness stand still comes from the defendant as contrasted with counsel. Thus, similar to a colloquy, the defendant himself is called upon to admit or deny a prior felony conviction when the question is posed on either direct or cross-examination at trial. Indeed, as we discuss in more detail below, this is consistent with the supreme court's determination to not permit a stipulation in lieu of a colloquy. *State v. Morales,* 215 Ariz. 59, 61, ¶ 7, 157 P.3d 479, 481 (2007); *see also State v. Hunter,* 137 Ariz. 234, 238, 669 P.2d 1011, 1015 (App.1983) (stating that the defendant's admission on cross-examination of a prior conviction was "inherently reliable").

¶ 10 The State also argues, essentially, that our holding in *State v. Carter,* 216 Ariz. 286, 287, ¶ 2, 165 P.3d 687, 688 (App.2007), is flawed. Our decision was based on the supreme court's holding in *State v. Morales.* In *Morales,* the supreme court determined that although a defendant had shown fundamental error with regard to a Rule 17.6 colloquy, he is only entitled to resentencing if he can establish prejudice "by showing that [he] would not have admitted the fact of the prior conviction[s] had the colloquy been given." 215 Ariz. at 62, ¶ 11, 157 P.3d at 482. In *Carter,* we addressed how a defendant may show prejudice because "*Morales* does not specify whether proof of prejudice must be present in the record on appeal, or whether the matter may be remanded to the superior court for an evidentiary hearing to permit the defendant to demonstrate prejudice." *Carter,* 216 Ariz. at 290, ¶ 20, 165 P.3d at 691.

We concluded that remand for a determination of prejudice is the appropriate remedy when the defendant's prior convictions are not entered into evidence because "evidence of the necessary prejudice, i.e., that the defendant would not have stipulated to the prior conviction had the proper colloquy taken place, by nature is not usually to be found in the record on appeal." *Id.* at 291, ¶ 23, 165 P.3d at 692. We decline to re-visit our holding in *Carter.*

¶ 11 The State further argues, based on *Morales,* that there is "evidence conclusively proving his prior convictions [that] is already in the record." 215 Ariz. at 62, ¶ 13, 157 P.3d at 482. In *Morales,* "[c]opies of Morales's prior convictions were admitted at a ... pretrial hearing." *Id.* The supreme court determined that "[i]n these circumstances, there would be no point in remanding for a hearing merely to again admit the conviction records." *Id.* However, here, as in *Carter,* no copy of Osborn's prior conviction or other similar evidence was ever entered into evidence at sentencing or otherwise. The State relies solely on the stipulation which, for the reasons set forth above, was defective for purposes of advising Osborn of his rights as to the possession of dangerous drugs count on which he was convicted.

¶ 12 Nevertheless, the State argues that the record contains no evidence to show Osborn was prejudiced by an insufficient colloquy because Osborn "voluntarily and knowingly entered the stipulation into evidence" and because Osborn's "counsel concluded that challenging [Osborn's] prior convictions would have been futile." Thus, the State contends, Osborn cannot argue prejudice because "there is simply no reasonable probability that [he] would not have admitted his prior convictions."

¶ 13 The law does not support the State's argument. In this situation, a defendant does not need "to show the absence of the prior conviction." *Carter,* 216 Ariz. at 291–92, ¶ 26, 165 P.3d at 692–93. In *Morales,* the court stated:

Such a requirement would undermine the prophylactic purpose of Rule 17.6 by implying that a failure to give the colloquy

would be without consequence, and the state would be relieved of its burden of proving the prior conviction, in all but the rare case in which the defendant could show no prior conviction exists.

*Morales,* 215 Ariz. at 62, ¶ 12, 157 P.3d at 482. Osborn's prior conviction was not admitted into evidence at any point during the case,[3] and the superior court did not conduct a sufficient Rule 17 colloquy. Thus, fundamental error occurred pursuant to *Morales,* and we must remand this matter to the superior court pursuant to *Carter* for a determination of prejudice. If Osborn shows prejudice, he must be re-sentenced.

 ¶ 14 As to any re-sentencing, Osborn asserts that because "[h]is sentence to the presumptive with a prior felony conviction was illegal," this matter "must be remanded for re-sentencing without the prior felony conviction" so that "he can be sentenced as a first time offender." We disagree. As stated in *Monge v. California,* "it is a 'well-established part of our constitutional jurisprudence' that the guarantee against double jeopardy neither prevents the prosecution from seeking review of a sentence nor restricts the length of a sentence imposed upon retrial after a defendant's successful appeal." 524 U.S. 721, 730, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998) (quoting *United States v. Di Francesco,* 449 U.S. 117, 135, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980)); *see also State v. Hudson,* 158 Ariz. 455, 456, 763 P.2d 519, 520 (1988) ("We hold that the state may produce additional evidence of defendant's parole status at a resentencing involving § 13-604.02(A) without violating double jeopardy guarantees."); *see generally State v. Loggins,* 13 Ariz.App. 577, 583, 479 P.2d 724, 730 (1971) ("The thrust of defendant's contention is that if the court in the first instance pronounces an illegal sentence, the court cannot later correct such a sentence. Such a contention is patently absurd and we reject it."). Consequently, the State is entitled to the opportunity of proving the prior felony conviction.

3. In *Morales,* the court found no need for a further evidentiary hearing on the issue of prejudice because "[c]opies of Morales's prior convictions were admitted at a ... pretrial hearing....

### *Conclusion*

¶ 15 Accordingly, we remand for proceedings consistent with this opinion.

CONCURRING: MICHAEL J. BROWN, Presiding Judge and MARGARET H. DOWNIE, Judge.

[T]hus, evidence conclusively proving his prior convictions is already in the record." 215 Ariz. at 62, ¶ 13, 157 P.3d at 482.