NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DONALD G. FOUCH, *Appellant.*

No. 1 CA-CR 13-0902
FILED 3-26-2015

Appeal from the Superior Court in Maricopa County
No. CR2012-144793-002
The Honorable Jeanne M. Garcia, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Peg Green
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge John C. Gemmill delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Donn Kessler joined.

**G E M M I L L**, Judge:

¶1        Donald Gene Fouch appeals his conviction and sentence for theft of means of transportation.  Fouch's sole argument on appeal is that the trial court erred by failing to conduct a complete colloquy before accepting his stipulation to two prior felonies.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Fouch was charged with one count of theft of means of transportation, a class three felony.  On August 17, 2012, Enterprise Rental Cars reported a black 2012 Camaro stolen.  On August 22, 2012, K.W., a plainclothes police officer, drove through a neighborhood and noticed a Camaro parked in a carport.  K.W. noticed a Hispanic male, later identified as Ruiz, removing the license plate from the Camaro.  K.W. parked his vehicle and observed.  There was a silver Nissan Versa parked behind the Camaro.

¶3        A man later identified as Fouch appeared, went out into the street, and looked both ways.  Ruiz put the license plate in the trunk of the Nissan.  Ruiz got into the driver's seat of the Nissan and Fouch got into the driver's seat of the Camaro.  K.W. followed the cars as they drove off.

¶4        Fouch parked the Camaro at an apartment complex less than a mile away from the house.  Fouch got out of the car and used his foot to close the door.  Fouch got into the Nissan with Ruiz, and they drove off.  The police subsequently stopped the Nissan.  Fouch told the police that he did not know who the Camaro belonged to, and that a woman paid him fifty dollars to pick up the car and dump it.  Fouch also told the police that the woman told him he could take anything he wanted out of the car.  According to Fouch, Ruiz was going to use the sticker from the license plate that he removed from the Camaro for a motorcycle that Ruiz owned.

¶5        At trial, Fouch told the jury that he drove the car because an unknown person called him and asked him to move it so Enterprise could pick it up.  Fouch testified that he never saw Ruiz remove the license plate from the Camaro and never saw it inside the Nissan. Fouch further testified that he was supposed to get fifty dollars for moving the car; he never told the police he was being paid to "dump" the car; he was never told that he could take whatever he wanted from the car; he had no idea it was stolen; and he believed it was going back to Enterprise.

**¶6** Fouch also testified he had two prior felony convictions. He admitted to convictions in CR 2003-016774 for an offense on June 26, 2003 and in CR 2003-023151 for an offense on June 9, 2003. After the jury found Fouch guilty of theft of means of transportation, the trial court held a trial on the prior convictions. The court admitted four certified minute entries offered by the State, showing that Fouch had four prior felonies from Maricopa County Superior Court. The parties notified the court that they had entered into a stipulation regarding the prior felony convictions. The parties agreed that there were a total of four prior felony convictions, and two were allegeable as historical priors.

**¶7** The State then requested that the court conduct a brief colloquy "advising the defendant that he has a right to a hearing, and waiving that right in this priors trial." The court stated to Fouch, "[y]ou've heard the conversation. What we are interested in is whether you're going to make the state prove that you have two prior felony convictions or whether you're willing to agree that they exist." "They exist," Fouch responded.

**¶8** The court gave the State the opportunity to make an additional record. The State noted that the priors were proved by documentation and that Fouch admitted to two priors while on the stand during trial. The court pointed out that neither party elicited the details of the prior convictions. The court then found that Fouch had two historical prior felony convictions putting him in a category three sentencing range. The trial court sentenced Fouch to a mitigated sentence of 7.5 years.

**¶9** We have jurisdiction over Fouch's timely appeal, in accordance with Arizona Constitution Article 6, Section 9, and Arizona Revised Statutes ("A.R.S") §§ 12-120.21(A)(1) (2003), 13-4031 (2010), and 12-4033(A)(1) (2010).

## DISCUSSION

**¶10** On appeal, Fouch argues that the trial court's failure to perform a complete colloquy before accepting Fouch's stipulation to prior convictions was fundamental error. The State contends that Fouch is not entitled to remand for resentencing because: (1) Fouch admitted to two prior convictions while testifying at trial; (2) the State submitted certified copies of documents supporting the prior convictions and the court entered the documents into evidence; (3) the trial court conducted a colloquy; and (4) Fouch has not asserted on appeal that he would not have admitted his

prior convictions if a more complete colloquy had been conducted. We agree with the State's position.

¶11     Fouch did not object to any colloquy deficiencies during the sentencing hearing. As a result, our review is limited to a determination of fundamental error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005). In order to prevail, a defendant must establish that fundamental error exists and that, as a result of this error, he could not have received a fair trial. *Id.* at ¶ 20.

¶12     The trial court performed an incomplete colloquy before accepting Fouch's stipulation to prior convictions. In regard to sentencing enhancement, Arizona Rule of Criminal Procedure ("Rule") 17.6 requires that the trial judge conduct a colloquy when the defendant admits or defense counsel stipulates to prior convictions. *State v. Morales*, 215 Ariz. 59, 60, ¶ 1, 157 P.3d 479, 480 (2007). The reason for the colloquy is to ensure that the defendant's admission is made "voluntarily and intelligently." *Id.* at 61, ¶ 8, 157 P.3d at 481.

¶13     Rule 17.2 provides guidance on the elements required in the colloquy. *State v. Geeslin*, 221 Ariz. 574, 578, ¶ 13, 212 P.3d 912, 916 (App. 2009) (applying the applicable requirements set forth in Rule 17.2 to Rule 17.6) *vacated in part on other grounds by* 223 Ariz. 553, 225 P.3d 1129 (2010). Rule 17.6, as interpreted, requires the court to address the following elements in the colloquy: (1) the nature of the allegation against the defendant, (2) the sentencing range faced by the defendant if he admits or stipulates to prior felonies, (3) the waiver of the defendant's right to require the State to prove his prior convictions, and (4) the defendant's waiver of additional constitutional rights. Ariz. R. Crim. P. 17.2, 17.6; *Geeslin*, 221 Ariz. at 578, ¶ 13, 212 P.3d at 916.

¶14     In the present case, the trial court engaged in a colloquy with Fouch but did not specifically address the sentencing range faced by Fouch if he stipulated to the prior felonies or Fouch's waiver of additional constitutional rights. Because Fouch admitted to the prior convictions without the benefit of a complete colloquy, we conclude that the limited colloquy was at least a technical, fundamental error.

¶15     We must next evaluate whether the fundamental error resulted in prejudice against Fouch. To succeed on appeal on the basis of fundamental error, a defendant must ordinarily show both fundamental error and that the error caused him prejudice. *Henderson*, 210 Ariz. at 567, ¶ 20, 115 P. 3d at 607. A showing of prejudice requires Fouch to

4

demonstrate that he would not have admitted to the prior convictions had the trial judge delivered a complete Rule 17.6 colloquy. *Morales*, 215 Ariz. at 62, ¶ 11, 157 P.3d at 482. This court has held that when prejudice cannot be determined on the record, remand to the trial court for an evidentiary hearing may be appropriate. *See State v. Carter*, 216 Ariz. 286, 291, ¶ 23, 165 P.3d 687, 692 (App. 2007).

**¶16** No remand is needed in this case. As in *Morales*, the record already contains evidence of Fouch's four prior felony convictions. *See Morales*, 215 Ariz. at 62, ¶ 13, 157 P.3d at 482 (explaining remand not necessary if evidence proving a defendant's prior convictions already exists in the record). In this case, the State offered certified copies of records of the defendant's prior convictions into evidence at the sentencing hearing, and the records were admitted without objection. Fouch does not challenge the authenticity of these records. As our supreme court explained, "[i]n these circumstances, there would be no point in remanding for a hearing merely to again admit the conviction records." *Morales*, 215 Ariz. at 62, ¶ 13, 157 P. 3d at 482. *See also State v. Gonzales*, 233 Ariz. 455, 458, ¶ 11, 314 P.3d 582, 585 (App. 2013) (holding that "an unobjected-to presentence report showing a prior conviction to which the defendant stipulated without the benefit of a Rule 17.6 colloquy conclusively precludes prejudice and a remand under *Morales*").

## CONCLUSION

**¶17** For these reasons, we affirm Fouch's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: ama