NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE v. ARIZONA, *Appellee,*

*v.*

LORENZO BILL BEDONI, *Appellant.*

No. 1 CA-CR 14-0702
FILED 9-3-2015

Appeal from the Superior Court in Maricopa County
No.  CR2013-455978-001
The Honorable Charles Donofrio III, Judge Pro Tempore

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Spencer D. Heffel
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Andrew W. Gould and Judge Peter B. Swann joined.

---

**H O W E**, Judge:

¶1      This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Lorenzo Bill Bedoni asks this Court to search the record for fundamental error. Bedoni was given an opportunity to file a supplemental brief in propria persona. He has not done so. After reviewing the record, we affirm Bedoni's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2      We view the facts in the light most favorable to sustaining the trial court's judgment and resolve all reasonable inferences against Bedoni. *State v. Fontes*, 195 Ariz. 229, 230 ¶ 2, 986 P.2d 897, 898 (App. 1998).

¶3      Y.R. was driving when she saw someone drive "very slowly towards a car wash." She called the police, and four minutes later, they arrived at the scene. One officer saw a blue vehicle in the car wash; the vehicle had collided with the car wash's wall. Its engine was on, the transmission was in reverse, and the reverse lights were on.

¶4      The vehicle's only occupant was in the driver's seat, with his foot on the brake pedal. He—later identified as Bedoni—was unconscious. An officer attempted to wake Bedoni, but he did not respond. The officer thereafter opened the driver's side door, put the transmission in park, and turned off the engine.

¶5      Soon after, Bedoni regained consciousness and said that he was not driving. When asked whether he had anything to drink, Bedoni responded that he had two drinks. But one officer "smelled a moderate odor of intoxicating alcohol or liquor coming from his breath," and saw his "bloodshot, water eyes." The officer also noticed a half-filled beer can inside the vehicle. Another officer noticed that Bedoni had "bloodshot, red, watery eyes" and "the strong odor of alcohol on his breath"; that he slurred his speech; and that he had a "very heavy sway as he was standing."

¶6        An officer performed a Horizontal Gaze Nystagmus ("HGN") test for impairment, and Bedoni's result showed six cues of impairment—the maximum amount. Scoring four of six cues on an HGN test can indicate to being over the legal alcoholic limit of 0.08. The officer did not perform any other field tests on Bedoni because Bedoni had a "very heavy sway" and was "very unsteady on his feet." The officer was worried that Bedoni might fall if he did any more tests.

¶7        Meanwhile, another officer was filing out the crash report. He collected information on the driver and vehicle. He identified the vehicle by its license plate number and year and model. The vehicle was registered to Bedoni. The officer then took pictures of the vehicle's damage, what it hit, and the condition of the car wash.

¶8        Although Bedoni did not refuse a blood draw, the police nevertheless obtained a search warrant to seize a sample of Bedoni's blood. The police received the warrant and drew two vials of Bedoni's blood within two hours of arriving at the scene. Bedoni's blood alcohol concentration was 0.219. Bedoni was arrested and charged with one count of driving under the influence ("DUI"), while his driver's license was suspended, cancelled, or revoked and one count of driving with an alcohol concentration of 0.08 or more, while his license was suspended, cancelled, or revoked.

¶9        At trial, Y.R. testified that Bedoni "look[ed] like the person that was in the driver's side" that day. Two officers that responded that day positively identified Bedoni. The trial court admitted pictures of the vehicle, the damages it and the car wash sustained, and the beer inside the vehicle.

¶10        A Motor Vehicle Division ("MVD") custodian of records testified about Bedoni's motor vehicle record. She testified that the record was a certified copy from her agency and that it was made by a person with knowledge of the events in the record. The custodian also testified that the agency's regular practice was to keep these records and that the agency kept the records in the ordinary course of its business activity. The custodian further testified that the record contained information about Bedoni, including his address, his agency assigned number, the lists of identification cards and licenses that have been issued to him, traffic citations, and copies of notices that the agency have mailed to him. She made an in-court identification of Bedoni from his MVD photograph.

¶11        The custodian also testified that the MVD mailed Bedoni a notice that his license was suspended and two notices that his license was

revoked. She further testified that Bedoni's license was cancelled in June 2003 and his driving privilege was suspended in March 2010. The custodian testified that on the date in question, Bedoni's license was suspended and revoked.

¶12          After the State rested its case-in-chief, defense counsel moved for an Arizona Rule of Criminal Procedure 20 judgment of acquittal. The trial court denied the motion because the State had presented substantial evidence to warrant a conviction. The jury convicted Bedoni of both counts.

¶13          At the sentencing hearing, Bedoni admitted that he had two prior felony convictions for aggravated DUI. The trial court then confirmed the details of the prior convictions with Bedoni and asked whether he had counsel during those proceedings. Bedoni answered yes. The court then found that Bedoni had two prior convictions for aggravated DUI.

¶14          The court subsequently conducted the sentencing hearing in compliance with Arizona Rule of Criminal Procedure 26. It found one aggravating factor, Bedoni's criminal history, and three mitigating factors and that the mitigating factors outweighed the aggravating factor. The court therefore concluded that the mitigated term was appropriate. For each conviction, the court sentenced Bedoni to concurrent 7 years' imprisonment with 67 days' credit. The court also imposed appropriate fees and fines. Bedoni timely appealed.

## DISCUSSION

¶15          We review Bedoni's convictions and sentences for fundamental error. *See State v. Gendron*, 168 Ariz. 153, 155, 812 P.2d 626, 628 (1991). Counsel for Bedoni has advised this Court that after a diligent search of the entire record, he found that when Bedoni admitted his prior felony convictions, the trial court did not advise Bedoni of the constitutional rights he was giving up, nor of the enhanced sentencing range he would be facing as Arizona Rule of Criminal Procedure 17.2 required. Counsel conceded that he cannot demonstrate prejudice, however, because Bedoni's admission and his criminal history in the presentence report supported the enhancement.

¶16          We agree that Bedoni was not prejudiced by the incomplete colloquy. The record includes Bedoni's confidential criminal history, which lists the same two prior convictions that Bedoni stipulated, and neither party challenges the authenticity of these copies. Therefore, the evidence conclusively proving Bedoni's prior convictions is already in the record. *See State v. Morales*, 215 Ariz. 59, 62 ¶ 13, 157 P.3d 479, 482 (2007) (stating that

because "evidence conclusively proving [defendant's] prior convictions [was] already in the record . . . ., there would be no point in remanding for a hearing merely to again admit the conviction records"); *State v. Carter*, 216 Ariz. 286, 290 ¶ 20, 165 P.3d 687, 691 (App. 2007) (providing that when the record contains the documented evidence of the prior convictions that the defendant stipulated, whether the defendant "could establish that he would not have admitted his prior convictions if he had been given a Rule 17.6 colloquy" is irrelevant).

¶17　　　Counsel has further advised that he has found no other arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. We find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Bedoni was represented by counsel at all stages of the proceedings, and the sentences imposed was within the statutory limits. We decline to order briefing, and we affirm Bedoni's convictions and sentences.

¶18　　　Upon the filing of this decision, defense counsel shall inform Bedoni of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). Bedoni shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

**CONCLUSION**

¶19　　　We affirm Bedoni's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

5