ECKERSTROM, Chief Judge:
¶ 1 Petitioner Artemio Varela seeks review of the trial court's order denying his petition for post-conviction relief, filed pursuant to Rule 32, Ariz. R. Crim. P. "We will not disturb a trial court's ruling on a petition for *270 post-conviction relief absent a clear abuse of discretion." State v. Swoopes , 216 Ariz. 390, ¶ 4, 166 P.3d 945 (App. 2007). Because Varela has established a colorable claim of ineffective assistance of appellate counsel, we grant relief in part, but otherwise deny relief.
Background
¶ 2 After a jury trial, Varela was convicted of three counts of sexual abuse and sentenced to consecutive, 2.25-year prison terms for each offense. He timely appealed, but this court later dismissed that appeal pursuant to Varela's motion.
¶ 3 Varela sought post-conviction relief, arguing in his petition that he had received ineffective assistance of trial counsel in that counsel had not investigated the scene of the offense or called "a key witness" and appellate counsel had "dropped the ball on Direct Appeal." The trial court summarily denied relief, finding that Varela's claims were precluded, untimely, or "lack[ed] sufficient basis in law and fact to warrant further proceedings."
Discussion
¶ 4 On review Varela argues his claims were not precluded or untimely, and the trial court erred in summarily denying relief. Because this is a first, timely proceeding, we agree with Varela that his claims of ineffective assistance of counsel are not precluded or barred as untimely. See Ariz. R. Crim. P. 32.2(b), 32.4(a)(2)(A), (D).
¶ 5 We agree with the trial court, however, that Varela has not presented a colorable claim of ineffective assistance of trial counsel. In his petition for review Varela points us to his petition for post-conviction relief, apparently attempting to incorporate his arguments there by reference. This procedure is not allowed. See Ariz. R. Crim. P. 32.9(c)(4)(B), (5)(A) (petition for review must contain "reasons why the appellate court should grant the petition," but shall not "incorporate any document by reference, except the appendix").
¶ 6 Furthermore, "[t]o state a colorable claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant." State v. Bennett , 213 Ariz. 562, ¶ 21, 146 P.3d 63 (2006) ; see also Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show prejudice, a defendant must demonstrate there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland , 466 U.S. at 694, 104 S.Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.
¶ 7 Varela contended his trial counsel lacked diligence in "the investigatory part of this case and the calling of witness[es] who would have given exculpatory testimony corroborating his innocence of the offense." He alleged counsel failed to review surveillance footage and failed to collect DNA[1] evidence from the victims and petitioner's clothing.
¶ 8 "[W]e must presume 'counsel's conduct falls within the wide range of reasonable professional assistance' that 'might be considered sound trial strategy.' " State v. Denz , 232 Ariz. 441, ¶ 7, 306 P.3d 98 (App. 2013), quoting Strickland , 466 U.S. at 689, 104 S.Ct. 2052. "To overcome this presumption, [Varela] was required to show counsel's decisions were not tactical in nature, but were instead the result of 'ineptitude, inexperience or lack of preparation.' " Id. ,quoting State v. Goswick , 142 Ariz. 582, 586, 691 P.2d 673 (1984). Therefore, "disagreements about trial strategy will not support an ineffective assistance claim if 'the challenged conduct has some reasoned basis,' even if the tactics counsel adopts are unsuccessful." Id. ,quoting State v. Gerlaugh , 144 Ariz. 449, 455, 698 P.2d 694 (1985).
¶ 9 Despite counsel's duty to adequately investigate possible defenses, "counsel may opt not to pursue a particular investigative path based on his or her reasoned conclusion that it would not yield useful information or is otherwise unnecessary in light of counsel's chosen trial strategy."
*271 Id. ¶ 11. "Strategic decisions are 'conscious, reasonably informed decision[s] made by an attorney with an eye to benefitting his client.' " Id. ,quoting Pavel v. Hollins , 261 F.3d 210, 218 (2d Cir. 2001) (alteration in Denz ). However, "[a] purportedly strategic decision is not objectively reasonable when the attorney has failed to investigate his options and make a reasonable choice between them." Id. ¶ 12, quoting Towns v. Smith , 395 F.3d 251, 258 (6th Cir. 2005).
¶ 10 In this case, Varela has not provided any evidence to suggest that the purported surveillance video or DNA testing would have produced evidence that would have changed the result at trial. And the letters and affidavits from the proposed witnesses he claims counsel should have talked to are largely personal references.[2] In view of Varela having been recorded by a hidden video camera apologizing to the victim and attempting to explain and conceal his behavior, we cannot say counsel did not adequately investigate in order to make reasonable tactical decisions.
¶ 11 Varela also contended, however, that appellate counsel was ineffective. He asserted counsel had filed a motion to dismiss his appeal without his consent and failed to communicate with him about the Rule 32 proceeding after the appeal was dismissed. On the record before us, counsel moved to dismiss the appeal in July 2015. A letter from Varela to counsel in September 2015 suggests Varela believed the appeal was still pending. Varela also included with his petition letters counsel had written to him, and in one dated in September 2015, counsel stated, "I came to the conclusion that there were no appealable issues in your case. Thus, the appeal portion was dismissed."
¶ 12 The United States Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega , 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), citing Rodriquez v. United States , 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969) (failure to file notice of appeal deprived defendant of right to appeal). Furthermore, "the decision to appeal rests with the defendant," and thus, although failure to consult with one's client will not always be deemed deficient, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal ... or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 479-80, 120 S.Ct. 1029. Likewise, Arizona's constitution guarantees the right to appeal, and that right may only be waived "if the waiver is knowing, voluntary, and intelligent." State v. Bolding , 227 Ariz. 82, ¶ 18, 253 P.3d 279 (App. 2011). Although counsel here filed a notice of appeal, we see no reason to apply a different rule as to the requirement for consultation in the context of the withdrawal of a notice of appeal than that imposed for filing a notice. In either case, the defendant will be deprived of his or her opportunity for appeal without consent or the opportunity to seek other counsel.[3]
*272 ¶ 13 Varela has alleged counsel did not consult with him and the record demonstrates his desire to pursue an appeal. The trial court was required to accept these allegations as true, State v. Watton , 164 Ariz. 323, 328, 793 P.2d 80 (1990), and, in this context, a defendant is required to show only that he would have maintained his appeal, not that he ultimately would have prevailed on appeal. Flores-Ortega , 528 U.S. at 483-84, 120 S.Ct. 1029. Thus, Varela is entitled to an evidentiary hearing. See State v. Amaral , 239 Ariz. 217, ¶¶ 10-11, 368 P.3d 925 (2016). In view of the procedural posture of the case, the trial court must determine whether counsel consulted with Varela before dismissing the appeal. Upon making this factual determination, the court is to employ a variant of the Strickland test based on that set forth in Flores-Ortega , but tailored to the question of maintaining an appeal.
¶ 14 As to the first part of the Strickland test-whether counsel's performance was deficient-if counsel consulted with Varela but "fail[ed] to follow the defendant's express instructions with respect to [the] appeal," his performance was deficient. Flores-Ortega , 528 U.S. at 478, 120 S.Ct. 1029. If, however, counsel did not consult with Varela, his performance will have been deficient if "a rational defendant would want to" maintain the appeal under the circumstances or "this particular defendant reasonably demonstrated to counsel that he was interested in" maintaining an appeal. Id. at 480, 120 S.Ct. 1029. We note, as did the Supreme Court, that "in the vast majority of cases ... counsel [will have] a duty to consult with the defendant about an appeal." Id. at 481, 120 S.Ct. 1029. When, as in this case, counsel is retained for the express purpose of pursuing an appeal the duty to consult prior to dismissal appears manifest.
¶ 15 If counsel's performance is determined to have been deficient, the trial court must then address the second part of the Strickland test as it applies in this context. Id. at 481, 120 S.Ct. 1029. Varela is not required to establish an appeal would have been successful, but merely that "but for counsel's deficient conduct, he would have" maintained his appeal. Id. at 486, 120 S.Ct. 1029.
Disposition
¶ 16 For these reasons, we grant the petition for review, grant relief in part as described above, and otherwise deny relief.

Deoxyribonucleic acid.

Varela has attached to his reply brief on review affidavits from other volunteers at the church where the charged conduct took place. These affidavits were produced after the trial court had dismissed the proceeding and were not presented below. We therefore do not consider them. Cf. State v. Carter , 216 Ariz. 286, ¶ 24, 165 P.3d 687 (App. 2007) (declining to accept evidence "offered for the first time on appeal").

We note that appellate counsel in this case was retained by Varela. "[W]hen appointed counsel determines that a defendant's case discloses no arguable issues for appeal, counsel files" a brief pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and a defendant may file a pro se supplemental brief on appeal to raise any issues counsel has refused. State v. Clark , 196 Ariz. 530, ¶ 30, 2 P.3d 89 (App. 1999). This procedure ensures an indigent defendant has "the same rights that an appellant with the funds to hire counsel would have." Id. ¶ 37. Allowing retained counsel to sua sponte obtain dismissal of an appeal without consulting his client would deprive that defendant of the opportunity to seek other counsel or, as an indigent defendant may do under the Anders procedure, to file a brief on his own behalf if he so chose. Such a result is not consistent with constitutional guarantees to the right to appeal. See Ariz. Const. art. II, § 24 ; see also United States v. Poindexter , 492 F.3d 263, 269 (4th Cir. 2007) ("an attorney is not at liberty to disregard the appellate wishes of his client").