658 P.2d 162

STATE of Arizona, Appellee,

v.

Perl Albert ZUCK and John Valenzuela Madrid, Appellants.

No. 5544–PR.

Supreme Court of Arizona, En Banc.

Nov. 15, 1982.

Rehearing Denied Jan. 26, 1983.

510

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Phoenix, for appellee.

James L. Gjurgevich, Tucson, for appellant Zuck.

Frederic J. Dardis, Pima County Public Defender by Lawrence H. Fleischman, Asst. Public Defender, Tucson, for appellant Madrid.

HAYS, Justice.

After a joint jury trial, appellants Perl Albert Zuck and John Valenzuela Madrid were found guilty of two counts each of armed robbery, aggravated robbery and kidnapping and one count each of first degree burglary, theft and aggravated assault. The trial judge found aggravating circumstances and sentenced each defendant to 42 years' imprisonment.

The Court of Appeals affirmed the trial court. Appellants' motions for rehearing were denied and we granted their petitions for review. We take jurisdiction pursuant to A.R.S. § 12–120.24 and 17 A.R.S. Rules of Criminal Procedure, rule 31.19.

The questions we consider are:

1. Did remarks by the trial judge create a coercive atmosphere for the jury's deliberations?

2. Did the trial court abuse its discretion and deny appellants their sixth-amendment rights to confrontation of witnesses by precluding cross-examination of a state's witness regarding his psychiatric history?

3. Did the trial court abuse its discretion in allowing a state's witness to testify when the witness was disclosed only two days before trial?

4. Did the trial court abuse its discretion in excluding evidence of appellant Madrid's polygraph results from the sentencing hearing?

5. Was appellant Zuck denied his right to a speedy trial under the sixth and fourteenth amendments to the United States Constitution and 17 A.R.S. Rules of Criminal Procedure, rule 8.2?

6. Did appellant Zuck receive ineffective assistance from his trial counsel?

On March 19, 1980, David Fischer and Jeff Jones were at their home in Tucson. Fischer responded to a knock at the front door and was greeted by two men armed with pistols. Holding Fischer at gunpoint, the men entered the house, bound and blindfolded both residents, threatened to ignite them with gasoline and then took stereo and computer equipment worth about $2000. Fischer reports he heard a third voice while the equipment was being taken out the back door.

Four months later, in return for a reduced sentence in an unrelated matter, one Donald Ray ("Billy") Brownfield told police detectives he and appellants Zuck and Madrid had robbed the Fischer-Jones house-

hold. Brownfield, Zuck and Madrid were subsequently indicted for burglary, theft, robbery, kidnapping, and assault, and Brownfield's trial was later severed from the trial of appellants.

## I

Appellants' first claim is that error occurred when the trial judge made potentially coercive remarks to the jury. The jury had retired to deliberate at approximately 4:35 p.m. and at 8:55 p.m., they sent the judge a note which stated:

"We have taken 4 votes and cannot agree unanimously on a verdict. There are six of us with opposing votes who are sure that based on the evidence we have, our votes will never change. Our last two at 7:10 and 8:45 have been identical."

In response to this note, the judge addressed the jury in open court with all attorneys present. There is no record of what transpired since the court reporter and the clerk had left at 4:30; however, there is general agreement that the judge said it had been a long trial and there had been a lot of evidence. It is also agreed he told the jury that one juror, Mrs. Molina, needed to leave town the following morning at 7:10 to attend a family funeral. Apparently the judge did not want to ask Mrs. Molina to cut short her trip, so he told the jury about her situation and asked them to consider the case further.

At 12:35 a.m., the jury returned with a guilty verdict. The record reflects that the court reporter was present for the verdict; however, affidavits which trial defense counsel submitted with appellants' petition for review state that no court reporter was present at the reading of the verdict. Counsel's affidavits are unacceptable as an attempt to create new evidence, *Moran v. Jones,* 74 Ariz. 175, 253 P.2d 891 (1953), and, in any event, their statements belie the record which does exist. It is established that where no objection was made by the defendant to proceeding without a reporter, he waives his right to thereafter complain that the proceedings were not reported. *State v. Moore,* 108 Ariz. 532, 502 P.2d 1351

(1973). Appellants say they could not be expected to obtain a court reporter during the late evening hours and that they are therefore discharged of the responsibility of preserving a record of whatever occurred. We need not consider whether it would have been impossible to find a court reporter or clerk, since counsel apparently did not even request the judge to summon one. At the hearing on the motions for new trial, the judge said:

"It should be pointed out on the record that everything that the Court did in this case, in regards to after the jury went out to deliberate, was done with all three counsel present: counsel for both the defendants and counsel for the State. The Court informed all three counsel exactly of what the Court was going to do. All three counsel agreed that the Court could proceed just exactly in the manner in which it did proceed.

"There was never any objection raised by anybody, to my recollection, as to the manner in which I intended to proceed. And I did proceed in exactly that manner. There was never a motion made for a mistrial at any time prior to the jury verdict."

Appellants fall back on the argument that even if no objection was made, we may consider this issue because there is "fundamental error." They argue that the potentially coercive remarks of the judge could have influenced the jurors, taking from defendant his fundamental right to deliberations by an independent jury.

We fail to find fundamental error here. In Arizona, reversible error occurs when a trial judge communicates with jurors after they have retired to deliberate unless counsel have been notified and given an opportunity to hear the communications and object. This is because of the danger that the accused may be forced to appeal with an incomplete record. *State v. Corrales,* 121 Ariz. 104, 588 P.2d 846 (1978). Here, both defendants and their counsel were present and did not exercise this prerogative. It is the duty of counsel who raise objections on appeal to see that the

record before us contains the material to which they take exception. Where matters are not included in the record on appeal, the missing portions of the record will be presumed to support the action of the trial court. *State v. Printz,* 125 Ariz. 300, 609 P.2d 570 (1980).

 While we unreservedly condemn any sort of interference with the independent deliberations of a jury, since defense counsel waived a record of the proceedings and there is no record for us to consider, we cannot reach the merits of appellants' claim that the trial judge's remarks were potentially coercive and we cannot find fundamental error.

## II

Appellants claim that the trial judge erred in granting the state's motion in limine excluding cross-examination regarding Billy Brownfield's psychiatric history and that the exclusion of this cross-examination denied them their sixth-amendment right to confront the witness. Apparently Brownfield had been diagnosed as a paranoid schizophrenic in a recent Rule–11 hearing and had been hospitalized for mental disturbances several years prior to appellant's trial.

 We do not consider the constitutional challenge since it was not raised at trial. If evidence is objected to on one ground and admitted over the objection, other grounds not specified are waived. *State v. Brierly,* 109 Ariz. 310, 509 P.2d 203 (1973).

 While wide latitude should be granted in cross-examination, *State v. Rothe,* 74 Ariz. 382, 249 P.2d 946 (1952), this does not confer a license to run at large, and the trial court can curtail cross-examination's scope. *State v. Fleming,* 117 Ariz. 122, 571 P.2d 268 (1977). 17A A.R.S. Rules of Evidence, rule 403,* gives courts the power to protect witnesses against cross-examination that does little to impair credibil-

ity, but that may be invasive of their privacy. The court may prevent cross-examination into collateral matters of a personal nature having minor probative value and tending to bring up collateral matters such as extensive medical histories, which would require unnecessary use of court time. Udall, *Arizona Evidence* 2d § 82 at 166.

 The existence of a derangement of the sort termed insanity is admissible to discredit, provided that it affected the witness at the time of the affair testified to or while on the stand or in the meantime so as to cripple his powers of recollection. 3A Wigmore, Evidence § 932, at 759 (Chadbourn rev. 1970). Many psychiatric problems do not affect a witness's credibility or capacity to observe and communicate. Our Court of Appeals has held that absent a showing that emotional instability of the plaintiff affected her memory, understanding or comprehension, evidence of it was properly excluded. *Herman v. Vigil,* 11 Ariz.App. 282, 464 P.2d 353 (1970). Rule 403 has been interpreted by other courts as requiring an offer of proof of psychiatric history to attack credibility. *See People v. Schuemann,* 190 Colo. 474, 548 P.2d 911 (1976); *State v. Longoria,* 17 Or.App. 1, 520 P.2d 912 (1974); *United States v. Lopez,* 611 F.2d 44 (4th Cir.1979). We hold that before psychiatric history of a witness may be admitted to discredit him on cross-examination, the proponent of the evidence must make an offer of proof showing how it affects the witness's ability to observe and relate the matters to which he testifies.

 The extent of cross-examination to be permitted is within the discretion of the trial court and will not be disturbed on appeal unless this discretion has been clearly abused. *State v. Clark,* 126 Ariz. 428, 616 P.2d 888 (1980), *cert. denied,* 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612. *See also* Udall, *supra,* § 82, at 166. The trial judge here did not abuse his discretion in excluding the cross-examination concerning Brownfield's psychiatric problems, since

---

* Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.

without a showing from defense counsel, there was no way for the judge to conclude that Brownfield's mental difficulties affected his abilities as a witness.

### III

■ Appellants assert that the state's disclosure of its chief witness only two days prior to trial prejudiced them because they did not have enough time to prepare their defense. They allege that the prosecutor knew of the possibility of Billy Brownfield's being a state's witness a week before this fact was disclosed to defense counsel, and they argue that the judge erred in allowing Brownfield to testify at the trial. While it is regrettable if the prosecutor was dilatory in disclosing Brownfield as a witness, it was not error for the trial court to allow him to testify. Even assuming the disclosure rules were violated, 17 A.R.S. Rules of Criminal Procedure, rule 15.7, authorizes the trial court to impose sanctions within its sound discretion and the selection of sanctions will not be reversed on appeal unless there is a clear abuse of discretion. No abuse is shown here and, in fact, the judge was most reasonable. He gave defense counsel the opportunity to interview Billy Brownfield and invited them to make whatever motions regarding his testimony they felt necessary.

Defense counsel claim they did not request a continuance and had to prepare a defense in two days because the court had previously stated that no further continuance would be granted. While the judge may have made this statement, defense counsel could still have requested a continuance if they had felt it was necessary. In fact, the judge invited them to do so, stating that he would listen to anything further they had to say following their interview with Brownfield.

The trial court did not err in allowing Brownfield's testimony.

### IV

■ Appellant Madrid contends it was error for the sentencing judge to refuse to admit his polygraph test results to be considered in mitigation of sentence. We

disagree. The state opposed the motion to admit the test. The rule in Arizona is that absent stipulation by both parties, lie detector tests are not admissible. *State v. Madsen,* 125 Ariz. 346, 609 P.2d 1046 (1980). We decline to change this rule or to modify it regarding sentencing hearings. Evidence which is "reliable" may be presented at sentencing. 17 A.R.S. Rules of Criminal Procedure, rule 26.7(b). This court has long maintained that polygraph test results are not reliable as evidence. *State v. Valdez,* 91 Ariz. 274, 371 P.2d 894 (1962).

Appellant Madrid puts forward *State v. Jones,* 110 Ariz. 546, 521 P.2d 978 (1974), to support admission of the polygraph test, but it does not help his position. While the judge there did consider polygraph results in determining sentencing, our result in *Jones* merely stated that such admission was not error and did not require admission of polygraph evidence at sentencing. Exclusion of the polygraph results was not error.

### V

Appellant Zuck claims he was denied a speedy trial as guaranteed him by the sixth and fourteenth amendments to the United States Constitution and 17 A.R.S. Rules of Criminal Procedure, rule 8.2. We do not agree.

Zuck was indicted September 16, 1980 while he was in the Arizona State Prison for a prior conviction. He was arraigned September 24, 1980. On December 13, 1980 Zuck sent the trial court a motion requesting a "fast and speedy trial." Apparently, his court-appointed attorney received a copy of the motion, but neither he nor the court took any action regarding it.

The trial originally had been set for December 16, 1980, but various continuances were granted and the trial was finally held April 28, 1981. The continuances were either requested or acquiesced in by defense counsel.

■ The United States Supreme Court has set out these four factors for determining whether a delay of a trial warrants

reversal of a conviction: 1) length of the delay, 2) reason for the delay, 3) defendant's assertion of the right, and 4) prejudice caused the defendant. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). No one of these factors is controlling, but the least important is the length of the delay and the most important, the prejudicial effect. *State v. Parker,* 116 Ariz. 3, 567 P.2d 319 (1977).

 Here, the delay was 7½ months. In *State v. Soto,* 117 Ariz. 345, 572 P.2d 1183 (1977), we held that nine months' delay was enough to trigger further examination, but was not prejudicial per se. Even if 7½ months is also enough delay to require further examination, the other factors are not adequately represented here. In spite of the motion made by Zuck, the delays sought by his attorney are binding on him and have the effect of waiving his right to a speedy trial even though done without his consent. *State v. Kelly,* 123 Ariz. 24, 597 P.2d 177 (1979). Rule 8.2 does not grant appellant any fundamental right which cannot be waived by his counsel. *State v. Killian,* 118 Ariz. 408, 577 P.2d 259 (1978).

 Most important, Zuck has shown no prejudice from the delay. He argues that he was prejudiced because if there had been no continuances, Brownfield would not have testified and there would have been no case against him. While, again, this is only speculation, even assuming it were true, this is not the sort of prejudice required. Appellant must show that he was prejudiced by being prevented from presenting some defense, rather than by the state's being allowed to make its case. *State v. Vaughan,* 124 Ariz. 163, 602 P.2d 831 (1979), and *State v. White,* 118 Ariz. 279, 576 P.2d 138 (1978). (Delays allowed state to present information which enhanced sentences).

We find no denial of Zuck's right to a speedy trial.

## VI

Appellant Zuck contends that he did not have effective counsel at trial and so was denied the right to counsel guaranteed by the sixth amendment to the United States Constitution and by article II, section 24 of the Arizona Constitution. This issue of competency of trial counsel now appears to be increasingly more popular with appellate counsel, and we have some concern that maligned trial counsel have little opportunity to defend their handling of a criminal case. What jewel has greater value to a trial lawyer than his reputation for competency?

By the foregoing words we do not mean to imply that all claims of incompetence are without merit. In recent weeks we have attempted to clarify and tighten the standard of representation required. *See State v. Watson,* 134 Ariz. 1, 653 P.2d 351 (1982). Where incompetency is a valid issue, it must be asserted.

Appellant Zuck asserts that trial counsel failed to communicate with him, failed to honor his request for a speedy trial, and failed to adequately prepare for trial. In addition, as possible matters supporting this assertion, we note that counsel failed to require the presence of a court reporter in order to make a record regarding communication with the jury during deliberations; failed to make an objection to the method and content of the communication with the jury; and failed to make an offer of proof when trying to cross-examine a witness regarding his psychiatric history.

In the past, when the issue of competency of trial counsel has been raised, we have always resolved the matter with whatever was before us in the record and without giving trial counsel an opportunity to be heard. However, we believe that in some cases where this issue is raised, it would be appropriate to remand the case for a hearing on the question. We consider this case to be one such case.

 We have previously set forth appellant Zuck's contentions and the other matters in the record which might further support his position. These are the points to be addressed in the hearing. Trial counsel should be afforded the opportunity to be heard, and appellant, by his attack on counsel's competency, has waived the attorney-

client privilege as to the contentions asserted. *See* 17 A.R.S. Rules of Criminal Procedure, rule 32.8(b), and *State v. Lawonn,* 113 Ariz. 113, 547 P.2d 467 (1976).

Although competency of counsel was raised by Zuck alone, we consider that, under the circumstances, competency of both trial counsel is in question. Therefore, the case is remanded as to both.

The case is remanded for hearing. Within 60 days the hearing shall be had, the trial court shall make findings, and the findings shall be forwarded to this court with the transcript of record of the hearing.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.