212 P.3d 912

**STATE of Arizona, Appellee,**

v.

**Tracie Renee GEESLIN, aka Traci Renee Fernandez–Geeslin, Appellant.**

No. 1 CA–CR 06–0314.

Court of Appeals of Arizona, Division 1, Department E.

May 21, 2009.

Terry Goddard, Attorney General by Kent E. Cattani, Chief Counsel, Criminal Appeals/Capital Litigation Sections and Michael T. O'Toole, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Maricopa County Public Defender, Tennie B. Martin, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

IRVINE, Judge.

¶ 1 Tracie Renee Geeslin ("Geeslin") appeals from her convictions and resulting sentences. Geeslin was convicted on one count of theft of means of transportation, a class three felony; one count of unlawful flight from a law enforcement vehicle, a class five felony; two counts of endangerment, a class six felony and class one misdemeanor; and one count of shoplifting, a class six felony. For the following reasons, we affirm the convictions and remand for a hearing consistent with this opinion.

### FACTS AND PROCEDURAL HISTORY

¶ 2 On November 8, 2003, S.R.'s purple Dodge Stratus was stolen. On November 20, Geeslin and two associates were attempting to steal several valuable items from Big Lots in Phoenix. Geeslin's associates were placing the stolen items into a purple Dodge Stratus. A Big Lots employee noticed this activity, determined that none of the items had been purchased, and called police with a description of the vehicle. The vehicle had the same license plate number as S.R.'s purple Dodge Stratus.

¶ 3 As police arrived Geeslin got into the Dodge, backed up and hit a light pole, pulled forward and hit a tree, and then drove off through the parking lot. Geeslin nearly hit an officer and the Big Lots employee as she drove off, and eventually crashed into a curb and broke the axle of the car. Geeslin and her associates were arrested. Geeslin was in possession of several keys that an officer considered "jiggle keys." These are manipulation keys filed down to start cars. It was

determined that the car Geeslin was driving was the car stolen from S.R.

¶ 4 On December 1, 2003, a five count indictment charged Geeslin with theft of means of transportation, unlawful flight from a law enforcement vehicle, endangerment, and shoplifting. The State filed an allegation of aggravating circumstances other than prior convictions. Specifically, the State alleged that the offenses were committed with an accomplice, that the offenses were committed for pecuniary gain, that the offenses caused harm to the victims, and that Geeslin had multiple felony convictions. The State also alleged that Geeslin had seven prior felony convictions and that three of the counts were dangerous felonies. On August 2, 2005, the matter proceeded to a jury trial before twelve jurors.

¶ 5 Before the jury was instructed, Geeslin asked for a lesser included offense instruction with regard to theft of means of transportation. Geeslin emailed the prosecution and court asking that an instruction on unlawful use of means of transportation be issued. The State objected to the instruction. The court agreed with the State and denied the requested instruction.[1] After deliberations, the jury found Geeslin guilty on all counts as charged.

¶ 6 At the sentencing hearing Geeslin did not formally admit to any prior felony convictions. The hearing was limited to testimony regarding the aggravating and mitigating factors to Geeslin's convictions. Nevertheless, the court found that the felony offenses were repetitive and sentenced Geeslin to the presumptive sentences as a repeat offender with two historical prior felony convictions. Geeslin timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A) (2003), 13–4031 (2001), and 13–4033 (Supp.2008).

## DISCUSSION

¶ 7 Geeslin argues that the trial court abused its discretion when it refused to give a lesser included offense instruction regarding the theft of means of transportation charge. See A.R.S. § 13–1814(A)(5) (Supp.

2008). Geeslin specifically asked for an instruction on unlawful use of means of transportation, which the trial court denied. While Geeslin persuasively argues that unlawful use pursuant to A.R.S. § 13–1803 (2001) is a lesser included offense of theft of means of transportation pursuant to A.R.S. § 13–1814(A)(5), and that the trial court should have given the lesser included instruction, we are unable to address the issue. The record does not contain the requested jury instruction and we will not find that a trial court erred in failing to give an instruction that we cannot review.

¶ 8 Geeslin had an opportunity to add the requested instruction to the record within five days of filing the notice of appeal. Ariz. R.Crim.P. 31.8(a)(2). Geeslin also had the opportunity, after the State pointed out in its answering brief that the requested instruction was not included in the record, to ask this court to correct the record. See Ariz. R.Crim. P. 31.8(h); 31.9(d); 31.13(c)(3). Geeslin, however, did not seek to supplement the record with the instruction or file a reply brief asking this court to correct the record. Consequently, we cannot determine whether Geeslin's requested instruction was consistent with the law.

¶ 9 For that reason, we must presume that the missing portion of the record—the requested jury instruction—supports the trial court's actions. *State v. Zuck*, 134 Ariz. 509, 513, 658 P.2d 162, 166 (1982); *see also Bliss v. Treece*, 134 Ariz. 516, 519, 658 P.2d 169, 172 (1983). Had the instruction been included in the record we could have determined if it was consistent with the statutory provisions. Without reviewing the actual language of the proposed instruction, we cannot speculate as to the contents of the requested instruction and whether it supported the trial court's decision. *Zuck*, 134 Ariz. at 513, 658 P.2d at 166; *Bliss*, 134 Ariz. at 519, 658 P.2d at 172.

¶ 10 Geeslin next argues that the trial court imposed an illegal sentence when it found her to be a repeat offender without finding that she had prior felony convictions. Specifically, Geeslin argues that the trial

**1.** After a search of the record, the requested instruction has not been found.

court did not make the necessary findings that she had two historical prior convictions, and that she did not formally admit to having any. As a result, Geeslin asserts that the trial court imposed illegal sentences by finding Geeslin to be a repeat offender without the requisite findings or an admission.

¶ 11 Geeslin did not object to the court's finding that she was a non-dangerous repeat offender. Accordingly, we review her claim only for fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19–20, 115 P.3d 601, 607 (2005). Under fundamental error review, Geeslin bears the burden of persuasion to show both that any error was fundamental and that it caused her prejudice. *Id.*

¶ 12 Before a defendant's sentence is enhanced by a prior conviction, the existence of the conviction must be found by the court. *State v. Morales*, 215 Ariz. 59, 61, ¶ 6, 157 P.3d 479, 481 (2007). The finding is typically accomplished through a hearing where the State offers evidence of certified copies of the prior convictions and establishes that the defendant is the person to whom the documents refer. *Id.* "Our rules of criminal procedure contemplate that, whether based on certified copies or other evidence, the trial court will determine the existence of prior convictions as a factual finding after a hearing." *Id.; see* Ariz.R.Crim.P. 19.1(b). If the defendant admits to the prior convictions a hearing is not needed. *Morales*, 215 Ariz. at 61, ¶ 7, 157 P.3d at 481. Nevertheless, unless the defendant makes this admission while testifying, a plea-type colloquy is required pursuant to Rule 17.6 of the Arizona Rules of Criminal Procedure. *Id.*

¶ 13 While the exact requirements of a Rule 17.6 colloquy are not laid out in the rule, we interpret "the procedures of this rule" to refer to the procedures that are generally laid out in Rule 17.2. Specifically, "a trial court must advise the defendant of the nature of the allegation, the effect of admitting the allegation on the defendant's sentence, and the defendant's right to proceed to trial and require the State to prove the allegation." *State v. Anderson*, 199 Ariz. 187, 194, ¶ 36, 16 P.3d 214, 221 (App.2000).

Further, "[a]s is the case with a guilty plea, when a defendant admits to a prior conviction for purposes of sentence enhancement, he waives certain constitutional rights, including the right to a trial. Therefore, to preserve the defendant's due process rights, the admission must be made voluntarily and intelligently." *Morales*, 215 Ariz. at 61, ¶ 8, 157 P.3d at 481.

¶ 14 If the court sentences a defendant as a repeat offender, failure to sufficiently find that a defendant has prior felony convictions or to obtain an admission pursuant to Rule 17.6, before finding the defendant is a repeat offender, constitutes fundamental error. *See Morales*, 215 Ariz. at 61, ¶ 10, 157 P.3d at 481; *State v. Thues*, 203 Ariz. 339, 340, ¶ 4, 54 P.3d 368, 369 (App.2002).

¶ 15 In this case, Geeslin did not testify at trial and the trial court did not obtain evidence of Geeslin's prior convictions at sentencing. Although Geeslin informally admitted to the prior convictions, her statements were not pursuant to a plea-type colloquy. Therefore, the finding that Geeslin was a repeat offender was fundamental error. *See Morales*, 215 Ariz. at 61, ¶ 10, 157 P.3d at 481; *Thues*, 203 Ariz. at 340, ¶ 4, 54 P.3d at 369. Nevertheless, to proceed, Geeslin must show that the error caused her prejudice. *Henderson*, 210 Ariz. at 567, ¶ 20, 115 P.3d at 607. Prejudice in this context typically requires a defendant to show that she would not have admitted the fact of the prior convictions had a colloquy been given pursuant to Rule 17.6. *Morales*, 215 Ariz. at 62, ¶ 11, 157 P.3d at 482.

¶ 16 The State argues that Geeslin has failed to establish that she was prejudiced by the trial court's failure to conduct a Rule 17.6 colloquy or properly find Geeslin was a repeat offender. The State cites to several instances when Geeslin's attorney, the prosecutor, or the court referred to Geeslin's prior convictions and she either did not dispute them or admitted to them. Additionally, the State suggests that it would be futile to remand to the trial court because Geeslin was convicted in another case at nearly the same time as the current case and the trial court in that case found beyond a reasonable

doubt that Geeslin had been convicted of five prior felony offenses.

¶ 17 Geeslin was not advised of the nature of the allegation against her, the effect of admitting the prior convictions on her sentence, or her right to proceed to trial and require the State to prove the allegation of prior felonies. Although Geeslin was tried in another case around the same time as the current one, in which the court found that Geeslin had several prior historical felonies, for us to take judicial notice of those convictions is inconsistent with Geeslin's right to a hearing under Rule 17.6. *See State v. Lee,* 114 Ariz. 101, 105, 559 P.2d 657, 661 (1976).[2] While Geeslin does not argue that she would not have admitted the prior convictions had a colloquy been given, there was no evidence of the priors before the court at sentencing and Geeslin did not admit to the priors after a colloquy.

¶ 18 The State also argues that our holding in *State v. Carter,* 216 Ariz. 286, 287, ¶ 2, 165 P.3d 687, 688 (App.2007), is flawed. The State argues that *Carter* impermissibly places the burden on the State to disprove error. We disagree. Our decision in *Carter* was based on the supreme court's holding in *Morales.* In *Morales,* the court determined that although a defendant had shown fundamental error with regard to a Rule 17.6 colloquy, he was only entitled to resentencing if he could establish prejudice "by showing that [he] would not have admitted the fact of the prior conviction[s] had the colloquy been given." 215 Ariz. at 62, ¶ 11, 157 P.3d at 482.

¶ 19 *Carter* addressed whether proof of prejudice must be in the record on appeal, or whether the matter may be remanded for an evidentiary hearing to permit the defendant to demonstrate prejudice. 216 Ariz. at 290, ¶ 20, 165 P.3d at 691. *Carter* concluded that remand for a determination of prejudice was the appropriate remedy when the defendant's prior convictions are not entered into evidence. 216 Ariz. at 291, ¶ 23, 165 P.3d at 692. This is because "evidence of the necessary prejudice, i.e., that the defendant would

not have stipulated to the prior conviction had the proper colloquy taken place, by nature is not usually to be found in the record on appeal." *Id.* *Carter* does not place the burden on the State to disprove error; rather, it gives the defendant an opportunity to prove prejudice. Like *Carter,* and unlike *Morales,* there is no copy of Geeslin's prior felony convictions in the record. Consequently, the trial court's failure to properly find Geeslin's prior convictions or engage in a Rule 17 colloquy in connection with the admission was fundamental error, for which relief is appropriate if there is a showing of prejudice.

¶ 20 For the foregoing reasons, we affirm Geeslin's convictions. We remand to the trial court for a hearing in which Geeslin may demonstrate that she was prejudiced by the court's error. If prejudice is shown, Geeslin's sentence must be vacated and she must be resentenced. The State, however, will have an opportunity to prove the prior felony convictions if resentencing is required. *See Monge v. California,* 524 U.S. 721, 730, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998) (quoting *United States v. DiFrancesco,* 449 U.S. 117, 135, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980)); *State v. Hudson,* 158 Ariz. 455, 456, 763 P.2d 519, 520 (1988) ("We hold that the state may produce additional evidence of defendant's parole status at a resentencing involving § 13–604.02(A) without violating double jeopardy guarantees.").

CONCURRING: LAWRENCE F. WINTHROP, Presiding Judge, and PATRICIA K. NORRIS, Judge.

---

**2.** The State asserts that the trial court could have taken judicial notice of these prior convictions, but that we do not need to take judicial notice of them. Rather, the State argues that it would

merely be a waste of judicial resources to remand because the trial court in this case already found that Geeslin had two historical prior felony convictions.