SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | Arizona Supreme Court |
| | ) | No. CR-09-0205-PR |
| Appellee, | ) | |
| | ) | Court of Appeals |
| v. | ) | Division One |
| | ) | No. 1 CA-CR 06-0314 |
| TRACIE RENEE GEESLIN, aka TRACI | ) | |
| RENEE FERNANDEZ-GEESLIN, | ) | Maricopa County |
| | ) | Superior Court |
| Appellant. | ) | No. CR2003-025483-002 DT |
| | ) | |
| | ) | |
| | ) | **O P I N I O N** |
| _____ | ) | |

Appeal from the Superior Court in Maricopa County
The Honorable Brian R. Hauser, Judge

_____

Opinion of the Court of Appeals, Division One
221 Ariz. 574, 212 P.3d 912(2009)

**VACATED IN PART AND REMANDED**

_____

TERRY GODDARD, ARIZONA ATTORNEY GENERAL                    Phoenix
      By   Kent E. Cattani, Chief Counsel
           Criminal Appeals/Capital Litigation Section
           Michael T. O'Toole, Assistant Attorney General
Attorneys for State of Arizona

JAMES J. HAAS, MARICOPA COUNTY PUBLIC DEFENDER             Phoenix
      By   Tennie B. Martin, Deputy Public Defender
Attorneys for Tracie Renee Geeslin

_____

**H U R W I T Z**, Vice Chief Justice

¶1      In this case, the court of appeals declined to consider whether the trial court erred in refusing to instruct

the jury on a necessarily included offense. We conclude that the court of appeals should have addressed the issue.

## I.

¶2 Tracie Geeslin was arrested after placing shoplifted items into a stolen car. She was charged with several crimes, including theft of a means of transportation in violation of A.R.S. § 13-1814(A)(5) (2001). At trial, Geeslin requested that the jury also be instructed on unlawful use of a means of transportation. *See* A.R.S. § 13-1803(A) (2001). The court denied that request, and Geeslin was convicted on all counts charged.

¶3 The court of appeals affirmed Geeslin's convictions, but remanded for further sentencing proceedings. *State v. Geeslin*, 221 Ariz. 574, 579 ¶ 20, 212 P.3d 912, 917 (App. 2009). That court refused to consider Geeslin's argument that the unlawful use instruction should have been given. *Id.* at 577 ¶ 7, 212 P.3d at 915. Noting that the record on appeal did not contain Geeslin's requested instruction, the court of appeals presumed that the missing record supported the trial court's decision. *Id.* at 577 ¶¶ 7, 9, 212 P.3d at 915.

¶4 We granted review because appellate review of a trial court's rulings regarding jury instructions is a recurring issue of statewide importance. We have jurisdiction pursuant to

2

Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24 (2003).

## II.

¶5        An appellant bears the burden of proving trial error. *See State v. Diaz*, ___ Ariz. ___, ___ ¶¶ 13, 16, ___ P.3d ___, ___ (2010).  "It is the duty of counsel who raise objections on appeal to see that the record . . . contains the material to which they take exception."  *State v. Zuck*, 134 Ariz. 509, 512-13, 658 P.2d 162, 165-66 (1982).  When "matters are not included in the record on appeal, the missing portions of the record will be presumed to support the action of the trial court."  *Id*. at 513, 658 P.2d at 166; *see also State v. Lujan*, 124 Ariz. 365, 370, 604 P.2d 629, 634 (1979) (refusing to "speculate as to [the] exact content" of a requested instruction not in the record).

¶6        We do not retreat from the general rule announced in *Zuck*.  Under the circumstances of this case, however, we find that defense counsel's failure to make an appropriate record did not preclude appellate review of the claimed error.

¶7        "If requested to do so and the evidence supports it, the trial judge must . . . instruct the jurors on all offenses 'necessarily included' in the offense charged."  *State v. Wall*, 212 Ariz. 1, 3 ¶ 13, 126 P.3d 148, 150 (2006).  Determining whether one offense is necessarily included within another

involves a two-step inquiry.  The first question is whether the uncharged offense is a "lesser-included" offense of the charged crime.  A lesser-included offense is "composed solely of some but not all of the elements of the greater crime so that it is impossible to have committed the crime charged without having committed the lesser one."  *State v. Celaya*, 135 Ariz. 248, 251, 660 P.2d 849, 852 (1983).  The second question is whether the evidence is "such that a jury could reasonably find that only the elements of a lesser offense have been proved."  *Wall*, 212 Ariz. at 3 ¶ 14, 126 P.3d at 150.

¶8      The trial judge in this case carefully explained why he refused to give the requested instruction.  He did not base that decision on any defect in the proposed instruction.  Rather, the judge concluded that theft of a means of transportation can be committed under § 13-1814(A)(5) without also committing unlawful use under § 13-1803(A), and the latter therefore did not qualify as a lesser-included offense.

¶9      Whether one offense is included within another is an issue of statutory construction, *Celaya*, 135 Ariz. at 252, 660 P.2d at 853, which an appellate court reviews de novo, *In re James P.*, 214 Ariz. 420, 423 ¶ 12, 153 P.3d 1049, 1052 (App. 2007).  The court of appeals did not need the missing instruction to determine whether the trial court erred in concluding that unlawful use under § 13-1803(A) is not a lesser-

4

included offense of theft of a means of transportation under § 13-1814(A)(5). The record on appeal, which contained the trial transcript and all exhibits, also provided the court of appeals with everything necessary to determine whether the evidence warranted the requested instruction. *See State v. Dugan*, 125 Ariz. 194, 196, 608 P.2d 771, 773 (1980) (reviewing the record on appeal to determine whether evidence supported necessarily included offense instruction).

¶10 In short, given the express basis of the trial judge's ruling, the missing portion of the record was not necessary for full appellate review of Geeslin's claim that an instruction under § 13-1803(A) should have been given. The court of appeals should have addressed this argument on its merits.

### III.

¶11 For the reasons above, we vacate ¶¶ 7-9 of court of appeals' opinion, and remand for further proceedings consistent with this opinion.

_____
Andrew D. Hurwitz, Vice Chief Justice


CONCURRING:


_____
Rebecca White Berch, Chief Justice

5

_____
Michael D. Ryan, Justice


_____
W. Scott Bales, Justice


_____
A. John Pelander, Justice