NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ROBERT ANTHONY GARCIA, *Appellant.*

No. 1 CA-CR 12-0456
FILED 3-27-2014

Appeal from the Superior Court in Maricopa County
CR2010-157605-001
The Honorable Robert L. Gottsfield, *Retired*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Colby Mills
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Margaret H. Downie and Judge Michael J. Brown joined.

---

**C A T T A N I**, Judge:

¶1        Robert Anthony Garcia appeals his convictions of one count of resisting arrest and two counts of disorderly conduct. Garcia asserts that the trial court violated his due process rights by not *sua sponte* ordering a fourth competency evaluation during trial. For reasons that follow, we conclude that the court did not violate Garcia's due process rights and affirm his convictions and resulting sentences.

## PROCEDURAL BACKGROUND

¶2        In November 2010, the State charged Garcia with one count of resisting arrest (a class 6 felony), one count of aggravated assault (a class 5 felony), and one count of aggravated assault (a class 6 felony). The charges stemmed from Garcia's physical altercation with Glendale police officers who were responding to a domestic disturbance report.

¶3        Garcia's counsel requested competency proceedings three times prior to trial. The trial court ordered competency evaluations each time, and Garcia was examined by a total of six mental health professionals, all of whom opined that he was competent. After considering the experts' reports in each proceeding, the trial court each time found Garcia competent to stand trial.

¶4        Prior to trial, Garcia sought to represent himself, and the court eventually permitted him to do so. Garcia testified at trial and called his mother as a witness on his behalf. He also cross-examined the State's witnesses. Although Garcia's defense was somewhat disjointed, he successfully persuaded the jury to acquit him of two of the charged offenses; he was acquitted of aggravated assault and instead convicted of the lesser-included offense of disorderly conduct on those charges.

¶5        The trial court sentenced Garcia to a presumptive term of 3.75 years' imprisonment for resisting arrest, with credit for 373 days of presentence incarceration, and six months in jail (time already served) for each disorderly conduct conviction.

**¶6**         Garcia timely appealed, and we have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033.

## DISCUSSION

**¶7**         Garcia's only argument on appeal challenges the trial court's failure to order a fourth competency evaluation.  Garcia does not take issue with the trial court's rulings in the three competency proceedings conducted prior to trial, but he asserts that the trial court should have *sua sponte* ordered another competency proceeding based on his trial testimony and his statements, arguments, and motions made while representing himself.

**¶8**         We review the trial court's determination of competency for an abuse of discretion.  *State v. Glassel*, 211 Ariz. 33, 44 ¶ 27, 116 P.3d 1193, 1204 (2005).  Because Garcia did not seek a fourth competency evaluation, however, our review is for fundamental error only.  *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005).  Under this standard of review, Garcia bears the burden of establishing both fundamental error and resulting prejudice.  *See id.* at ¶ 20.

**¶9**         "Due process requires that the state 'observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent.'"  *State v. Amaya-Ruiz*, 166 Ariz. 152, 161, 800 P.2d 1260, 1269 (1990) (citation omitted).  Under Rule 11.1 of the Arizona Rules of Criminal Procedure, a defendant is deemed incompetent if, due to mental illness, he is unable to understand the proceedings against him or assist in his defense.  Under Rule 11.3(a), a defendant's competency to stand trial should be examined and a hearing conducted if there are reasonable grounds for such an examination.  A trial judge has "a continuing duty to inquire into a defendant's competency."  *State v. Mendoza-Tapia*, 229 Ariz. 224, 231, ¶ 22, 273 P.3d 676, 683 (App. 2012).

**¶10**         Here, the record—including the results of three pre-trial competency proceedings—supports the trial court's determination that Garcia was competent to stand trial, and the court did not err by proceeding with the trial without *sua sponte* ordering a fourth competency determination.

**¶11**         The first competency proceeding was initiated in February 2011, when Garcia's assigned counsel moved for a competency hearing under Rule 11.  Counsel stated that Garcia (1) exhibited paranoia and based legal decisions on imaginary issues, including alleged conspiracies

against him; (2) fluctuated in his ability to comprehend legal issues regarding his case; and (3) talked incessantly about issues unrelated to the case and seemed unable to focus on a particular topic. The trial court granted the motion, and two mental health professionals evaluated Garcia. In March 2011, after considering the mental health professionals' reports, the court found Garcia competent to stand trial.[1]

¶12        In July 2011, newly-appointed counsel moved for a second competency hearing, noting concerns that Garcia (1) suffered from delusions and had an apparent inability to focus on the case and (2) was unable to effectively assist in his defense because his competency continued to fluctuate. The trial court granted the motion, and two additional mental health professionals evaluated Garcia. In October 2011, after considering the experts' reports, the trial court again found Garcia competent to stand trial.

¶13        In January 2012, Garcia again obtained new defense counsel, who requested another competency hearing based on concerns that Garcia (1) was not logically or rationally thinking about his case, (2) had filed "rambling and incoherent" pleadings in federal court to get the charges dismissed, and (3) was not able to competently make decisions about the plea process or to assist counsel. The trial court granted the motion, and two more experts evaluated Garcia.

¶14        While awaiting the third competency determination, Garcia filed several motions to represent himself. Garcia's motions detailed his frustration with trial delays caused by the competency proceedings and discussed alleged conspiracy theories and tangential religious issues. In May 2012, after considering the experts' reports, the trial court again found Garcia competent to stand trial.

¶15        During a status conference on June 5, 2012, the trial court addressed Garcia's self-representation motions. Garcia told the court he

---

[1]        Garcia has not referenced any transcripts from any of the competency proceedings conducted by the trial court, and he specifically requested that those proceedings not be part of the record on appeal. This court thus presumes that the record supports the trial court's findings and determinations of competency in those proceedings. *See State v. Zuck*, 134 Ariz. 509, 513, 658 P.2d 162, 166 (1982) ("Where matters are not included in the record on appeal, the missing portions of the record will be presumed to support the action of the trial court.").

wanted to represent himself because he believed his prior appointed counsel had sought competency determinations to extend the litigation and harass him. Garcia's counsel at the time indicated that he did not intend to request another competency evaluation. Noting the nature of some of Garcia's writings, the court stated that it was not inclined to let Garcia represent himself and denied the self-representation motions.

¶16 Garcia subsequently filed another self-representation motion, which the court addressed during a status conference on June 13, 2012. Garcia reiterated his desire to represent himself, and his counsel stated that Garcia "is aware of the system. He knows the parties. He knows what role they play. He knows his case. We've discussed at length the possibility or the outcomes if he goes to trial and loses." Garcia's counsel also indicated his belief that Garcia understood the consequences of the charges he faced and of waiving counsel.

¶17 After speaking with Garcia and counsel, the court expressed its belief that Garcia understood the trial process and could proceed respectfully. The court stated, "You know, reading this motion and talking to you in person are like two completely different things." The court further stated that "[r]eligious preoccupation and knowing [B]ible verses does not make you incompetent."

¶18 The court granted Garcia's motion to represent himself, finding Garcia competent to knowingly, intelligently, and voluntarily waive his right to counsel. Garcia's counsel agreed to remain on the case as advisory counsel, and the court noted its intent to monitor Garcia's competency throughout trial and to reinstate appointed counsel if necessary.

¶19 Although Garcia does not challenge the trial court's ruling permitting him to represent himself or the court's pre-trial rulings finding him competent to stand trial, he contends that his motions, arguments, and trial testimony should have led the trial court to question his competency and order a fourth competency proceeding. But neither he nor advisory counsel raised an issue of competency during trial, and the trial court acted within its discretionary authority by going forward with trial without *sua sponte* ordering an additional competency proceeding.

¶20 Garcia acknowledges that he conducted himself reasonably and politely while representing himself, and that he consulted with advisory counsel throughout the trial. Garcia was actively involved in selecting the jury, and he made an opening statement that coherently

described the incident leading to his arrest. Garcia cross-examined the State's witnesses, and he effectively challenged an allegation that he bit one of the police officers while being arrested—Garcia's cross-examination of one of the witnesses resulted in the witness admitting that a supplemental police report contained no mention of a biting incident. Finally, as noted previously, Garcia called witnesses (including himself and his mother), and he successfully persuaded the jury to acquit him on two of the charged offenses; he was convicted only of lesser-included offenses on those charges.

¶21 Although Garcia asserts that he was "dominated by his religious beliefs" or "driven by his paranoia and hyper religiosity," the trial court did not share that view. On the last day of trial, the court stated its opinion that Garcia was "perfectly capable and competent" and instructed the jury that "[t]he defendant has been found competent to stand trial. The issue of competence should not affect your deliberations in any way."

¶22 Following the verdict, Garcia filed several motions containing religious fixations, and the court denied the motions as not having a legal basis. The court also noted, however, that "there is no question [Garcia] is completely competent and knows exactly what is going on."

¶23 The trial court was entitled to rely on its own observations regarding competency. *See Mendoza-Tapia*, 229 Ariz. at 231, ¶ 23, 273 P.3d at 683. In light of those observations and in light of the other evidence set forth above, we conclude that Garcia has not established that the trial court should have *sua sponte* ordered a fourth competency proceeding. Nor has Garcia established that he was prejudiced by proceeding to trial without an additional formal competency determination.

## CONCLUSION

¶24 For the foregoing reasons, we affirm Garcia's convictions and resulting sentences.

