NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

DAMIEN FAUSTINO RIVERA, *Appellant*.

No. 1 CA-CR 15-0061
FILED 2-25-2016

---

Appeal from the Superior Court in Maricopa County
No. CR 2012-153107-001
The Honorable Warren J. Granville, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Christopher M. DeRose
*Counsel for Appellee*

The Law Office of Kyle T. Green, PLLC, Mesa
By Kyle Green
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge John C. Gemmill joined.

D O W N I E, Judge:

¶1            Damien Faustino Rivera appeals his convictions for four counts of molestation of a child, class 2 felonies and dangerous crimes against children, five counts of sexual conduct with a minor, class 2 felonies and dangerous crimes against children, and eight counts of public sexual indecency to a minor, class 5 felonies, in violation of Arizona Revised Statutes ("A.R.S.") sections 13-1410, -1405, and -1403. For the following reasons, we affirm.

**DISCUSSION**

I.       **Motion for Judgment of Acquittal**

¶2            In cursory fashion, Rivera argues the superior court erred by denying his motion for judgment of acquittal pursuant to Arizona Rule of Criminal Procedure 20 ("Rule 20"). We review the denial of a Rule 20 motion *de novo*. *State v. Boyston*, 231 Ariz. 539, 551, ¶ 59 (2013). We view the evidence "in the light most favorable to the prosecution" in determining whether substantial evidence — both direct and circumstantial — supports the convictions. *See State v. West*, 226 Ariz. 559, 562, ¶ 16 (2011).

¶3            Rivera contends the two victims' "statements failed to corroborate with each other," and asserts that the victims "failed to agree as to where the alleged acts took place." The record, however, reveals evidence sufficient to submit the issue of Rivera's guilt or innocence to the jury.

¶4            The older victim testified Rivera had molested her and the younger victim in both the victims' bedroom and their parents' bedroom. The younger victim testified about "[a] bunch of times" she recalled Rivera molesting both victims, which "usually" happened in their parents' bedroom. Both victims also testified consistently in other respects, including: being touched by Rivera while in the same room together; their pants being removed; where their other siblings were while the molestation was occurring; the presence of Rivera's semen; and promises Rivera made

to keep them from disclosing the molestation. The victims' brother also testified he had come into the house to "see where everybody was" and saw Rivera in the bedroom, under the covers, with the victims.

**¶5** "No rule is better established than that the credibility of the witnesses and the weight and value to be given to their testimony are questions exclusively for the jury." *State v. Clemons*, 110 Ariz. 555, 556–57 (1974). Any inconsistencies in the victims' recounts were subject to cross-examination, and jurors were entitled to give the victims' testimony the weight they believed it deserved. This Court does not reweigh the evidence on appeal to determine whether we would reach the same conclusion as the jurors. *See State v. Guerra*, 161 Ariz. 289, 293 (1989).

**¶6** Rivera also states without elaboration that his Rule 20 motion should have been granted because "the State's counts were duplicative of each other in dates and acts." Issues not clearly raised and argued in a party's appellate brief are waived. *Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 167 (App. 1996). Waiver notwithstanding, the record reflects that the superior court carefully analyzed Rivera's claims and dismissed several counts it deemed duplicative and/or not supported by the evidence.[1]

**¶7** The superior court did not err in denying Rivera's motion for judgment of acquittal.

## II. Evidentiary Ruling

**¶8** Rivera also argues the superior court improperly precluded cross-examination of the older victim about a false statement she had made about an unrelated incident. He contends that, because the victims' credibility was a central issue, "[p]rohibiting him from challenging the witness's credibility prevented him from being able [to] assert his theory of the case."

---

[1] During argument of the Rule 20 motion, the court stated that "in light of the fact that the charges in this case have broad time span and broad action allegations and the manner in which the testimony was provided by the two young victims, the Court would ask the State to provide proof of substantial evidence for each of the counts." Following that request, the prosecutor recited evidence supporting each count. The court subsequently granted Rivera's Rule 20 motion with respect to five of the counts in the original 25-count indictment.

¶9 We discern no abuse of discretion. *See State v. Murray*, 184 Ariz. 9, 30 (1995) (appellate court reviews decision to preclude impeachment evidence using specific instances of conduct for an abuse of discretion). The statement Rivera sought to introduce concerned a report of sexual activity between the older victim and a 16-year-old boy. Rivera wanted to question the victim about her initial statement to Child Protective Services ("CPS") because — at the direction of her mother — the victim had related that the activity occurred at school, rather than at her mother's home, in order to "shift the blame" away from her mother. When the victim's father and stepmother confronted her about the misstatement, she cried and promptly "retracted what she said."[2]

¶10 The State argues Rivera's intended cross-examination would have violated A.R.S. § 13-1421, Arizona's "Rape Shield Statute." This statute prohibits evidence of a victim's prior sexual conduct except under five enumerated circumstances, all of which apply only after the trial court "finds the evidence is relevant and is material to a fact in issue in the case and that the inflammatory or prejudicial nature of the evidence does not outweigh" its probative value. A.R.S. § 13-1421(A). Rivera contends the statute does not apply because he intended only to question the victim "as to previous statements she made, which were false."

¶11 We assume, without deciding, that A.R.S. § 13-1421 did not apply to the proffered statement. The superior court, however, based its evidentiary ruling on a second, independent ground that is clearly supported by the record. Specifically, the court ruled that, "independent of the [s]tatute," the victim's statement was "not relevant as to whether the allegations against Mr. Rivera . . . more likely occurred or less likely occurred or would involve confusion and a mini-trial on allegations that are not in front of this jury, not involving this defendant." The court also expressed concern that, unless the State could offer the entire explanation surrounding the victim's reporting of the other incident, the intended questioning would confuse the jury.

¶12 The extent of cross-examination to be permitted is within the discretion of the trial judge and will not be disturbed on appeal unless that discretion has clearly been abused. *State v. Zuck*, 134 Ariz. 509, 513 (1982). And although trial courts should permit "wide latitude" in cross-examination, Arizona Rule of Evidence 403 permits the preclusion of questioning that does little to impair credibility and may be invasive of a witness's privacy. *Id.* "The court may prevent cross-examination into

---

[2] Rivera accepted the State's factual proffer on this point as accurate.

collateral matters of a personal nature having minor probative value . . . ." *Id.*; *see also State v. Dunlap*, 187 Ariz. 441, 456 (App. 1996) (cross-examination may be limited based on concerns for harassment, prejudice, confusion of issues, witness safety, or marginal relevance).

¶13        A reasonable trier of fact could conclude that the probative value of the victim's initially false statement to CPS about the location of the incident with the teenaged boy was minimal, particularly because she had been instructed by her mother to provide the false information. There is no suggestion the victim falsely accused anyone of improper sexual conduct on that occasion.[3] Under these circumstances, the superior court could conclude that questioning the victim about the statement would do little to impair her credibility and would likely confuse the jury and require inquiry into collateral matters. *Cf. Shotwell v. Donahoe*, 207 Ariz. 287, 296, ¶ 34 (2004) ("The greater the probative value and the more significant in the case the issue to which it is addressed, the less probable that factors of prejudice or confusion can substantially outweigh the value of the evidence.").

¶14        The superior court did not abuse its discretion in precluding Rivera's proposed questioning of the victim.

## CONCLUSION

¶15        For the foregoing reasons, we affirm Rivera's convictions.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[3]        Indeed, when the trial court asked whether the defense had "a proffer that there is a motive by [the victim] to falsely accuse Mr. Rivera because of this prior incident," defense counsel responded, "As it relates to the prior incident, Judge, no."