NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DALE BRAKHOP, *Petitioner*.

No. 1 CA-CR 16-0510 PRPC
FILED 8-17-2017

Petition for Review from the Superior Court in Maricopa County
No.  CR2013-423334-002
The Honorable Teresa A. Sanders, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Arthur G. Hazelton, Jr.
*Counsel for Respondent*

Dale Brakhop, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jennifer B. Campbell joined.

---

**B R O W N**, Judge:

¶1        Dale Brakhop petitions this court for review from the dismissal of his petition for post-conviction relief ("PCR").   We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        After videotaping, photographing, and engaging in sexual conduct with a young child, Brakhop and his co-defendant were charged with eleven counts of sexual exploitation of a minor, nine counts of sexual conduct with a minor, four counts of child molestation, and one count of bestiality.  Brakhop pled guilty to one count of sexual conduct with a minor, one count of attempted sexual conduct with a minor, and one count of attempted sexual exploitation of a minor.  Brakhop stipulated to a term of twenty years' imprisonment for sexual conduct, and to terms of lifetime probation for the other two counts.  The superior court accepted the plea agreement and sentenced Brakhop according to its terms.

¶3        Brakhop timely filed his notice of post-conviction relief. Counsel was appointed but could not find any colorable claims to raise. Brakhop then filed a pro se petition claiming ineffective assistance of trial and PCR counsel.   He also claimed the superior court violated his constitutional rights when it denied his motion for change of counsel based on counsel's performance before he decided to enter his plea agreement. The superior court summarily dismissed Brakhop's petition, and this petition for review followed.[1]

¶4        Absent an abuse of discretion, this court will not disturb the trial court's ruling on a petition for post-conviction relief.  *State v. Gutierrez,*

---

[1]        Although the petition for review presents additional issues, Brakhop did not raise these issues in the PCR petition he filed in the superior court. Therefore, we do not consider them.  A petition for review may not present issues not first presented to the superior court. *State v. Bortz*, 169 Ariz. 575, 577 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

229 Ariz. 573, 577, ¶ 19 (2012). Brakhop has failed to show an abuse of discretion.

¶5          Brakhop argues that his trial counsel failed to adequately investigate his case, but this claim is too general to be colorable. An alleged failure to investigate does not meet the prejudice prong when the defendant does not explain what evidence additional investigation would have discovered and how it might have changed the outcome. *See Gallego v. McDaniel*, 124 F.3d 1065, 1077 (9th Cir. 1997); *Hendricks v. Calderon*, 70 F.3d 1032, 1036-37, 1042 (9th Cir. 1995) ("Absent an account of what beneficial evidence investigation into any of these issues would have turned up, Hendricks cannot meet the prejudice prong of the *Strickland* test." (citing *Strickland v. Washington*, 466 U.S. 668, 687-90 (1984)).

¶6          Brakhop also asserts his trial counsel failed to establish "lies stated by law enforcement." Had counsel done so, he could have gone to trial and impeached the police witnesses. Then the jury would have believed him and not the police, he argues, and the outcome of his case would have been different. This claim is not colorable. Even if counsel had impeached the police officers at trial, no reasonable probability exists that a jury would have acquitted Brakhop given the videotapes and photographs which depict him and his co-defendant engaged in sexual acts with the victim.

¶7          Brakhop next claims that the superior court violated his constitutional rights when it denied his motion for change of trial counsel. This claim is waived. The entry of a guilty plea waives all non-jurisdictional defects, including ineffective assistance of counsel, other than ineffectiveness in connection with matters directly relating to entry of the guilty plea. *State v. Quick*, 177 Ariz. 314, 316 (App. 1993). Furthermore, we note that the court held a hearing on this motion, but Brakhop has not provided a transcript of that hearing. Missing portions of the record are presumed to support the court's ruling. *State v. Geeslin*, 223 Ariz. 553, 554, ¶ 5 (2010).

¶8          Finally, Brakhop's claim that PCR counsel was ineffective is not cognizable in this action. However, because this is Brakhop's post-conviction relief proceeding of-right, ineffective assistance of PCR counsel

is a cognizable claim under Rule 32 and may be raised in a timely subsequent PCR petition.[2] *State v. Pruett*, 185 Ariz. 128, 130-31 (App. 1995).

¶9         We therefore grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:   AA

---

[2]     A Rule 32 proceeding asserting ineffective assistance of PCR counsel must be commenced within thirty days of the issuance of the mandate in this case.  Ariz. R. Crim. P. 32.4(a).