NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

TERRY MICHAEL GIBSON, *Appellant*.

No. 1 CA-CR 23-0091
FILED 11-16-2023

Appeal from the Superior Court in Yavapai County
No. P1300CR202000379
The Honorable Krista M. Carman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Law Office of Carlos L. Estrada, Phoenix
By Carlos L. Estrada
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Michael S. Catlett joined.

---

**C R U Z**, Judge:

¶1        Terry Michael Gibson appeals his conviction for one count of sale or transportation of dangerous drugs and one count of possession of paraphernalia.  For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        In January 2020, Partners Against Narcotics Trafficking ("PANT") detectives obtained an anticipatory search warrant to place a GPS tracking device on a vehicle suspected of transporting narcotics.  A confidential reliable informant ("CRI") told PANT detectives that an older male, nicknamed "Uncle," who drove a metallic hot-rod style truck, would be delivering narcotics to a certain street address in Chino Valley on January 17, 2020.  Because the suspect's identity and vehicle details were limited, the warrant was conditioned on: PANT detectives conducting live surveillance at the Chino Valley residence, arrival of a vehicle matching the description, and the CRI confirming drugs were delivered to the address during the time the described vehicle was at the address.

¶3        After obtaining the anticipatory search warrant, PANT detectives conducted live surveillance at the Chino Valley residence.  A man fitting the description of an older male arrived driving a metallic hot-rod style truck, and the CRI confirmed drugs were delivered to the address upon the older male's arrival.  By searching records related to the vehicle's license plate number, PANT detectives identified the older male as Gibson and determined he was the registered owner of the vehicle.  PANT detectives continued to conduct surveillance on Gibson's vehicle after it left Chino Valley and traveled to Phoenix.  While the vehicle was parked at a commercial lot in Phoenix, PANT detectives attached a GPS tracking device to it.  After the tracking device was installed, the PANT team amended the warrant, to document the specific license plate and identify the subject of the warrant by his legal name.

¶4  Gibson moved to suppress the evidence obtained as a result of the GPS search warrant. Gibson argued that, because it did not identify Gibson or his vehicle, the search warrant was not supported by probable cause. After an evidentiary hearing, the superior court denied the motion. The superior court reasoned the search warrant was valid because all conditions in the anticipatory search warrant were met prior to attachment of the GPS device and the search warrant was subsequently updated with Gibson's identity.

¶5  After a two-day trial, a jury found Gibson guilty. Gibson timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes sections 12-120.21(A), 13-4031, and 13-4033(A)(1).

**DISCUSSION**

¶6  Gibson argues the superior court erred when it denied his motion to suppress because the search warrant was not sufficiently particular and failed to establish probable cause.

¶7  We review the denial of a motion to suppress for an abuse of discretion, *State v. Spears*, 184 Ariz. 277, 284 (1996), "but we review de novo mixed questions of law and fact and the trial court's ultimate legal conclusions" as to whether a search was lawful, *State v. Teagle*, 217 Ariz. 17, 22, ¶ 19 (App. 2007). We consider "only the evidence presented at the suppression hearing and [view] the facts in the light most favorable to sustaining the ruling." *State v. Manuel*, 229 Ariz. 1, 4, ¶ 11 (2011). "Where matters are not included in the record on appeal, the missing portions of the record will be presumed to support the action of the trial court." *State v. Zuck*, 134 Ariz. 509, 513 (1982).

¶8  The Fourth Amendment to the U.S. Constitution requires that search warrants particularly describe the places to be searched, and the persons or things to be seized. U.S. Const. amend. IV. Sufficient particularity is determined by whether "the place to be searched is described with enough particularity to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premise might be mistakenly searched." *State v. Coats*, 165 Ariz. 154, 159-60 (App. 1990). Probable cause is established when "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

¶9  The GPS search warrant is not a part of the record on appeal. But it is undisputed that the search warrant contained neither Gibson's

name nor vehicle license plate number, because that information was unknown at the time the warrant was obtained. At the evidentiary hearing, PANT detectives testified the search warrant described an older male who drove a metallic truck. PANT detectives also testified that all conditions listed in the warrant were met prior to placing the GPS on Gibson's vehicle.

**¶10** Based on all the evidence presented at the evidentiary hearing, the vehicle and Gibson were described with sufficient particularity to allow detectives to identify the vehicle and its driver and not mistakenly search elsewhere or seize someone else. Further, the information obtained from the CRI and the fulfillment of the warrant's triggering conditions show there was a fair probability that evidence of a crime would be found in the vehicle. Therefore, the GPS search warrant was sufficiently particular and supported by probable cause. The superior court did not abuse its discretion when it denied Gibson's motion to suppress the GPS search warrant.

## CONCLUSION

**¶11** We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA