NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

JAMES ALAN MELENDEZ, *Appellant*.

No. 1 CA-CR 24-0088

FILED 04-22-2025

---

Appeal from the Superior Court in Mohave County
No. S8015CR201900280
The Honorable Derek C. Carlisle, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Janelle A. McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Brian Y. Furuya and Vice Chief Judge Randall M. Howe joined.

---

**G A S S**, Chief Judge:

¶1        James Alan Melendez filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Melendez's counsel certified she found no arguable, non-frivolous question of law. Counsel thus believes the appeal has no merit. *See State v. Clark*, 196 Ariz. 530, 537–38 ¶¶ 30–31 (App. 1999). Counsel asks the court to review the record for any arguable issues. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *State v. Thompson*, 229 Ariz. 43, 45 ¶ 3 (App. 2012). The court allowed Melendez to file a supplemental brief *in propria persona*. He has not. Melendez's convictions and sentences are affirmed.

## FACTUAL AND PROCEDURAL HISTORY

¶2        The court views the facts in the light most favorable to sustaining the jury's verdict and resolves all reasonable inferences against Melendez. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998).

¶3        Shortly after midnight on April 27, 2017, an officer heard and then saw a speeding vehicle while he was on patrol. The officer observed Melendez driving 49 miles per hour in a 35-mile-per-hour speed zone.

¶4        During the stop, the officer found Melendez's license was suspended, not restricted. The officer observed Melendez had bloodshot and watery eyes, slurred speech, and a flushed face. The officer smelled "a strong odor" of alcohol coming from the vehicle. When asked if he had been drinking, Melendez said no. When confronted about the smell, Melendez told the officer he spilled something in the back of the vehicle a week ago.

¶5        The officer asked Melendez to exit his vehicle. Once outside the vehicle, Melendez displayed poor balance. The officer walked to the passenger's side and saw an open beer can. He picked up the beer can and noted it was cold to the touch and half-empty.

**¶6** At that point, Melendez agreed to take a field sobriety test. The officer conducted several validated and standardized field sobriety tests: the walk-and-turn, the one-leg-stand, and the Romberg modified. Melendez displayed signs of impairment.

**¶7** The officer asked him to be honest about his drinking. Melendez said he had 2 beers at his house and admitted he was also drinking the beer the officer found in the vehicle. The officer then asked him on a scale of 0 to 10, with 0 being sober and 10 being drunk, how drunk Melendez felt. Melendez responded he was a 3 and felt buzzed. The officer arrested Melendez for driving under the influence.

**¶8** At the jail, the officer read Melendez the Arizona Department of Transportation Motor Vehicle Division Admonitions form to determine if he would consent to a blood test. He did not, so the officer sought and secured a search warrant. About 2 hours after the initial stop, a nurse drew 2 tubes of Melendez's blood. The officer then read Melendez his *Miranda* rights and served him with a 12-month suspension of his license. Later testing showed Melendez had a blood alcohol content (BAC) of 0.217.

**¶9** The State charged Melendez with 1 count of aggravated driving while impaired to the slightest degree, 1 count of aggravated driving with an alcohol concentration of 0.08 or more, 1 count of aggravated driving with an alcohol concentration of 0.15 or more, and 1 count of aggravated driving with an alcohol concentration of 0.20 or more. *See* A.R.S. §§ 28-1381.A, -1382.A. The basis for the aggravated driving was Melendez driving on a suspended license. *See* A.R.S. § 28-1383.A.1.

**¶10** During the first day of Melendez's 2-day jury trial, the State moved to dismiss counts 2 and 3, which the superior court granted. Both parties stipulated Melendez knew his Arizona license was suspended when he was arrested, and they agreed the jury would not be told why. The superior court accepted the stipulation and said it would be read to the jury when appropriate. The next day, a juror submitted the question, asking "do you know why was his license suspended originally?" Both parties agreed not to answer that question based on the stipulation.

**¶11** Melendez failed to appear on the last day of his jury trial, so the trial proceeded in his absence. After the State rested, defense counsel moved for a directed verdict under Rule 20, Arizona Rules of Criminal Procedure, arguing the State did not meet its burden because the BAC testing is inherently uncertain. The superior court denied the motion, finding the State presented sufficient evidence to go to the jury. In 2019, the

jury convicted Melendez of 1 count of aggravated driving while impaired to the slightest degree and 1 count of aggravated driving with an alcohol concentration of 0.20 or more, both class 4 felonies. *See* A.R.S. §§ 28 -1381.A.1, -1382.A.2, -1383.A.1, .O.1.

¶12          Because Melendez failed to appear, the superior court issued a bench warrant for Melendez. More than 4 years after the 2019 conviction, Melendez was arrested in Nevada and was returned to Arizona. The superior court proceeded with sentencing about a month later.

¶13          During sentencing, the superior court noted the State alleged prior convictions. The State moved to continue the matter to speak with the former prosecutor, but defense counsel asked to move forward that day. The superior court denied the State's request. The State then moved to dismiss the allegations, which the superior court granted. The superior court found several mitigating circumstances—family support, completed probation, new life in Nevada, and being sober—but deemed them not "substantial enough to call for a mitigated sentence."

¶14          On both counts, the superior court sentenced Melendez to concurrent, presumptive, 2.5-year sentences. Both counts are non -dangerous and non-repetitive. The superior court imposed a term of community supervision for a period of 1 day for every 7 days of the sentence imposed and credited Melendez with 57 days of presentence incarceration.

¶15          During the sentencing hearing, the superior court asked if the State "anticipate[d] presenting any evidence regarding whether [Melendez] is going to have the right to file an appeal in connection with this case." The State did not, so the superior court explained to Melendez if the State demonstrated his absence was voluntary and he had notice of the proceedings, he would lose the right to appeal if sentencing took place more than 90 days after his conviction. The superior court noted the State did not even make the argument Melendez was on notice but still asked defense counsel whether he would like to present any evidence Melendez's failure to appear was involuntary. He did not. The superior court then determined Melendez had the right to file an appeal.

¶16          The court thus has jurisdiction over Melendez's timely appeal under Article VI, Section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031 and -4033.A.1.

4

## DISCUSSION

**¶17** The court considered counsel's brief and thoroughly reviewed the record for any arguable, non-frivolous questions of law but identified none. *See Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537 ¶ 30.

**¶18** The superior court properly proceeded in Melendez's absence. Melendez was entitled to be present at all phases of his trial but could waive that right if his absence was voluntary through a showing he had "actual notice of the date and time of the proceeding, notice of the right to be present, and notice that the proceeding would go forward in [his] absence." Ariz. R. Crim. P. 9.1; *see State v. Rose*, 231 Ariz. 500, 504 ¶ 9 (2013). Besides missing the last day of trial and the jury verdict, Melendez missed 2 pretrial hearings.

**¶19** At the pretrial hearing before Melendez missed 2 hearings, the superior court admonished Melendez, saying the case would proceed in his absence if he failed to appear. *See* Ariz. R. Crim. P. 9.1. Even so, Melendez missed 2 hearings. At those hearings, defense counsel said he had been unable to contact Melendez, so he could not tell the superior court the reason for Melendez's absence. As a result, the superior court issued a bench warrant. Melendez did appear at the final management conference, at which point the superior court quashed the warrant and set the jury trial. Melendez appeared for the first day of the jury trial and was told when to appear for the second day. But Melendez failed to appear on the second day. Throughout the jury trial and verdict, the superior court noted his absence.

**¶20** Melendez was given actual notice of the date and time of the second day of the jury trial. *See* Ariz. R. Crim. P. 9.1. Although Melendez did not provide the transcript of the first day of the jury trial, the court presumes the superior court notified Melendez of his right to be present and told him the proceeding would go forward in his absence. *See State v. Zuck*, 134 Ariz. 509, 513 (1982) ("[M]issing portions of the record will be presumed to support the action of the trial court."). Melendez thus has not shown his absence from the rest of the jury trial was involuntary. *See Rose*, 231 Ariz. at 504 ¶ 9. The superior court did not err in conducting the rest of Melendez's jury trial in his absence.

**¶21** Based on the above, all proceedings complied with the Arizona Rules of Criminal Procedure. Melendez was represented by counsel at all stages of the proceedings. *See State v. Bohn*, 116 Ariz. 500, 503 (1977); *State v. Conner*, 163 Ariz. 97, 104 (1990). The superior court properly

empaneled 8 jurors and 1 alternate. *See* A.R.S. § 21-102.B. The record shows no evidence of jury misconduct. The superior court properly instructed the jury on the elements of the charged offense and the lesser-included offenses, the State's burden of proof, and Melendez's presumed innocence. The superior court held appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's unanimous verdict.

**¶22** Melendez had a chance to speak at sentencing. *See* Ariz. R. Crim. P. 26.9 (requiring defendant's presence at sentencing); 26.10(c)(1) (allowing defendant to speak). Melendez's sentence falls within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

**¶23** We affirm Melendez's convictions and sentences.

**¶24** After the filing of this decision, defense counsel's obligations pertaining to Melendez's representation in this appeal will end. Unless counsel finds an issue appropriate for submission to the Arizona Supreme Court in a petition for review, defense counsel need only inform Melendez of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

**¶25** The court, of its own accord, grants Melendez 30 days from the date of this decision to file an *in propria persona* motion for reconsideration. *But see* Ariz. R. Crim. P. 31.20 (allowing 15 days to file a motion for reconsideration). Melendez has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review or, if Melendez files a timely *in propria persona* motion for reconsideration, he has 15 days after the motion is decided. *See* Ariz. R. Crim. P. 31.21.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR